**Leonard John NOTEWARE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–82–00554–CR.**

Court of Appeals of Texas, Dallas.

Aug. 12, 1983.

**682**

Larry Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., Jeffery Keck, Asst. Dist. Atty., for appellee.

Before GUITTARD, C.J., and VANCE and ALLEN, JJ.

GUITTARD, Chief Justice.

Appellant, a building contractor, was convicted of theft of more than $200 from one of his customers and was given a probated sentence. He appeals on the ground of insufficiency of the evidence and inadmissibility of evidence of his dealings with other customers. We affirm.

The theft charge arose from appellant's failure to complete a contract for improvements to a house owned by Charles and Carolyn Kirklen. On August 1, 1979, appellant contracted with the Kirklens to cover their existing roof with a new composition roof and to add a lattice-work cover to their patio. Appellant furnished them a written description of the work and an estimate of the cost, and they gave him their check for $2,187.50, leaving $750 to be paid on completion. He told them he would begin work about August 7 and would finish it in about five days. On August 3 they gave him another check for a power roof vent to be installed. Appellant did nothing until August 16, when he installed two hundred square feet of the 2400 square feet of roofing required. On August 23 he installed another one or two hundred square feet. No further work was done, and no further material was delivered, despite repeated telephone calls to appellant and his repeated assurance that the work would be completed "tomorrow." On September 2, when the Kirklens demanded return of the down payment, appellant said he could not return it. However he did sign an agreement specifying that the work would be completed on September 15 and promising that if it should not be completed by that time the money would be refunded. He did no further work, however, and made no refund. Neither did he offer any explanation for his inability to perform the contract. Both Mr. and Mrs. Kirklen testified that they would not have given appellant the check if they had known that he did not intend to perform the work.

Over appellant's objection, the State introduced the testimony of Jesse Moss, who testified that several weeks later, in October 1979, he engaged appellant, whom he knew in church, to do some work on his home and gave him a check for $2000 as a down payment. Because appellant never did any of the work, Moss filed a lawsuit against him and recovered a judgment, which he released on receipt of a check from appellant's son.

The State also offered the testimony of Weldon Brown, who testified that he had entered into a contract with appellant a year earlier, for the addition of a bedroom above his garage. Appellant promised to finish the work by Christmas of 1978, and did some work, including removal of the roof from the garage. In March 1979, no work having been done since Christmas, Brown told appellant not to come back. Appellant promised to repay the $5000, but failed to do so. Brown also sued appellant and obtained a judgment against him, but received less than $50 on the judgment.

In defense, appellant offered the testimony of various homeowners, who testified that appellant had done carpentry and remodeling work for them. These witnesses testified that appellant's work was satisfactory and relatively low-priced, but some said his performance was slow.

Appellant testified that at the time he was working on the Kirklen home he was having difficulty obtaining money from other jobs. He testified that he intended to perform the contract with the Kirklens but that because of his financial situation he could not afford to buy the materials for the job. He said he had used the money he had received from the Kirklens to buy materials for other jobs, to pay his living expenses, and for operating his truck. He had experienced substantial difficulties earlier in the year with respect to certain projects in Collin County and had suffered foreclosures. His affairs were "at a low point"

when he made the contract with the Kirklens. He admitted that the money he got from the Kirklens "went towards" resolving his financial problems, but he thought that he could complete this work with money he would obtain from "other work that I had coming in."

In rebuttal, the State called other witnesses who testified concerning difficulties that appellant had had in performing his contracts with them, including, in some instances, failure to complete work that he had undertaken.

■ The principal question is whether there is evidence tending to show that appellant obtained the Kirklens' money by deception, within section 31.01(2) of the Texas Penal Code. The particular type of deception alleged is that defined in subdivision (E) of sections 31.01(2) as follows:

(E) promising performance that is likely to affect the judgment of another in the transaction and that the actor does not intend to perform or knows will not be performed, except that failure to perform the promise in issue without other evidence of intent or knowledge is not sufficient proof that the actor did not intend to perform or knew the promise would not be performed.

Appellant contends that the evidence, when viewed most favorably to the State, shows at most a failure to perform as promised and does not show any deception at the time the promise was made.

We cannot agree. We recognize that failure to perform is not in itself sufficient to show intent not to perform. Tex.Penal Code Ann. § 31.01(2)(E) (Vernon 1974). Perhaps appellant's admitted use of the Kirklens' funds on other jobs and for his other expenses does not establish that he never intended to complete the Kirklen job, although we need not decide this point. Nevertheless, we conclude that the evidence is sufficient for the trial judge to draw the inference that appellant had no real expectation of performing when he took the Kirklens' money. He testified that he expected to buy materials for the Kirklens' job with money coming from other jobs.

On this point he was cross-examined by the prosecutor and questioned at length by the trial judge. His answers were evasive and vague. He never identified any other jobs he was working on at the time or from which he expected any money. Neither did he identify any other job on which he used the Kirklens' money. He admitted that his financial distress was severe because of previous jobs in Collin County that he failed to complete. Because of those jobs he still owed money to the bank at Frisco. The only definite information he provided about his use of the Kirklens' money was to pay his living expenses and repairs to his truck. We conclude that these circumstances were sufficient for the trial judge to find beyond a reasonable doubt that in his desperation appellant accepted the Kirklens' money, knowing that he could not perform as promised. Consequently, we hold that the evidence is sufficient to support the conviction.

■ Appellant also complains of the admission, over his objection, of evidence concerning his difficulties and failures of performance on other jobs. He argues that none of these transactions are sufficiently similar to the Kirklen matter to establish a common scheme or plan of deception. We conclude that the evidence complained of is relevant and admissible for a different reason. In order to prove appellant's intent and knowledge when he took the Kirklens' money, the State undertook to show that he was in financial difficulty, and, therefore, knew that he would not be able to perform as promised. The evidence was admissible for that purpose. *Albrecht v. State,* 486 S.W.2d 97, 100 (Tex.Cr.App.1972). Some of the transactions introduced may have been too remote to shed much light on this question, but they were offered in rebuttal to appellant's evidence which also included remote transactions in an attempt to show an extended career of satisfactory work as a contractor. *Albrecht,* 486 S.W.2d at 101. Consequently, we hold that no reversible error is shown.

All of appellant's grounds of error have been considered and overruled.

Affirmed.