688 P.2d 1219

STATE of Idaho, Plaintiff-Respondent,

v.

Harold KREPP, Defendant-Appellant.

No. 13788.

Court of Appeals of Idaho.

Sept. 28, 1984.

James A. Bevis, Manweiler, Bevis & Cameron, Boise, for defendant-appellant.

Jim Jones, Atty. Gen. by Lynn E. Thomas, Sol. Gen. and Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent. Lynn E. Thomas, Sol. Gen., argued.

PER CURIAM.

The dispositive question in this appeal is whether a person charged with obtaining money by false pretenses may be convicted upon uncorroborated testimony by a single witness that such a pretense occurred. We hold that corroboration is statutorily required. Accordingly, the judgment of conviction in this case is reversed.

Harold Krepp, a building contractor, entered into an agreement with Mr. and Mrs.

John Surerus for the construction of a house. The state alleges that during the course of construction, in order to receive scheduled payments for the work, Krepp falsely represented to the Sureruses that he had paid his suppliers and subcontractors. Before the work was completed, Krepp abandoned the project and filed for bankruptcy. Several unpaid suppliers and subcontractors filed liens against the property.

■ Krepp was charged with, and convicted of, obtaining money under false pretenses—a violation of I.C. § 18–3101 as then in effect. At trial Mrs. Surerus told the jury she and her late husband paid Krepp in reliance upon oral assurances that the suppliers and subcontractors "were all taken care of." No other witness testified concerning these oral statements.

Idaho Code § 19–2116 provides as follows:

> False pretense—Sufficiency of evidence. —Upon a trial for having with intent to cheat or defraud another designedly, by any false pretense, obtained the signature of any person to a written instrument, or having obtained from any person, any money, personal property, or valuable thing, *the defendant cannot be convicted* if the false pretense was expressed in language, unaccompanied by a false token or writing, unless the pretense or some note or memorandum thereof be in writing, subscribed by or in the handwriting of the defendant, or *unless the pretense be proven by the testimony of two (2) witnesses, or that of one (1) witness and corroborating circumstances;* but this section shall not apply to a prosecution for falsely representing or personating another, and, in such assumed character, marrying, or receiving any money or property. [Emphasis added.]

In this case the state did not claim that Krepp had impersonated anyone else, nor did it allege the existence of any false token or writing. Consequently, the state was required to prove the pretense—i.e., Krepp's alleged oral statements—by corroborating circumstances in addition to Mrs. Surerus' testimony.

■ The state contends that such corroboration may be found in Krepp's failure to keep the supplier and subcontractor accounts current and in his own admission that he "went broke" during the Surerus job. However, these circumstances tend to prove only that the alleged oral assurances by Krepp, if made, were false. They do not show that such statements in fact were made. The state also points to Krepp's receipt of scheduled payments from Mr. and Mrs. Surerus. But scheduled payments were provided in the underlying agreement between the parties. Receipt of such payments does not independently tend to prove a pretense.

■ We deem it clear, upon a plain reading of I.C. § 19–2116, that the corroboration requirement is directed toward the pretense itself. *"[T]he pretense* [must] be proven by the testimony ... of one (1) witness and corroborating circumstances...."* (Emphasis added.) We also note that California Penal Code § 1110 (Deering 1970), which is nearly identical to I.C. § 19–2116, has been construed to require corroboration of the pretense, not merely the falsity of the pretense. *People v. Beilfuss,* 59 Cal.App.2d 83, 138 P.2d 332, 337 (1943).

During oral argument in this case, the state candidly acknowledged that if the corroboration requirement were held to apply to the pretense, Krepp's conviction could not stand and that reversal without remand would be appropriate. We agree. Consequently, we need not reach other issues raised on appeal. The judgment of conviction is reversed.