**Reynaldo RENTERIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–84–461–CR.**

Court of Appeals of Texas,
Corpus Christi.

Dec. 19, 1985.

Ricardo Laurel, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and BENAVIDES and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

Reynaldo Renteria appeals his conviction for murder and ninety-nine year prison sentence. He asserts that the police investigation of the homicide was so inadequate it denied him of his right to a fair trial. He also contends that the trial court erred in refusing to admit certain evidence. We reject these arguments and affirm the judgment of the trial court.

On July 7, 1984, appellant and Juan Alvarado were riding around drinking beer in Robstown, Texas. According to Alvarado, appellant showed him the pistol appellant had purchased earlier that day. He threatened to kill anyone who stopped at Alvarado's house, because appellant was jealous of Alvarado's sister, Herlinda, whom appellant used to date.

Sometime after 11:00 p.m. Alvarado and appellant parked behind the house Alvarado lived in with his parents. While Alvarado was urinating nearby, another car pulled up. Pablo Garcia, a man known to both appellant and Alvarado, stepped out. A few seconds later, appellant shot Garcia four times with his new pistol. Garcia died from the gunshot wounds.

There are two versions of the circumstances surrounding the shooting. Alvarado testified that appellant got out of his car and shot Garcia for no apparent reason. Appellant testified that after Garcia exited his car, Garcia strode toward appellant, threatened to kill appellant, and reached into a front pocket of his pants as if to pull out a gun. Appellant said he shot Garcia in self-defense. Appellant's pistol was recovered. No other weapon was found.

Appellant asserts he was denied his due process right to a fair trial[1] for four reasons: (1) the police officers who investigated the homicide did not search Garcia's pockets for a pistol; (2) the police officers did not question Alvarado's parents concerning the shooting even though it occurred behind their house; (3) a trace metal detection test, which could have helped establish whether Garcia had a gun in his pocket at the time of the shooting, was not performed on Garcia's pants (which have since disappeared); (4) two State witnesses, Juan Alvarado and his sister Herlinda, did not want to talk to appellant's attorney while he was investigating the case. Appellant raises these arguments for the first time on appeal.

In essence, appellant seems to contend that the police had a duty to search the front pockets of Pablo Garcia's pants; that had they done so, a pistol may have been discovered; and that such pistol if discovered would have corroborated appellant's self-defense theory and possibly led to his acquittal. In other words, appellant claims the failure to search Garcia's pockets deprived appellant of his right to a fair trial

---

1. *See* U.S. CONST. amend. XIV, § 1; TEX. CONST. art. I, § 19.

by failing to uncover possibly exculpatory evidence.

■ We hold that the failure of the police to search the pockets of Pablo Garcia's pants did not violate appellant's right to a fair trial. Appellant's argument that Garcia might have had a pistol is sheer speculation; there is simply no evidence that Garcia had a weapon of any sort at the time he was shot.

■ Police officers thoroughly inspected the area of the homicide but came up with nothing to corroborate appellant's testimony at trial that Garcia may have had a pistol. Juan Alvarado, the only eyewitness to the shooting besides appellant, testified that Garcia did not have a gun. Even appellant testified that he never saw a gun in Garcia's possession but only thought Garcia *might* have had one. In the record, there are copies of photographs taken of Garcia's body at the scene of the shooting shortly before he was transported by ambulance. Garcia's front pockets, which appellant said Garcia reached into, are plainly shown. There is nothing in them large enough to be a pistol. Nor would a scientific test of Garcia's pants for traces of metal have been helpful; mere evidence that Garcia's pockets once held a metal object certainly would not establish that the object was a gun, or that the object was in his pants at the time he was shot.

■ We also reject the rest of appellant's first ground of error. The police officers testified that they tried to locate other witnesses by talking to all the neighbors who had come out of their homes after the shots were fired. No other witnesses were found. It is unclear whether the police talked to Alvarado's parents about the shooting and, in any event, there is no evidence that Alvarado's parents had viewed the shooting; it was not necessary for Alvarado's parents to be specifically questioned merely because Alvarado was an eyewitness.

■ Nor do we find merit in appellant's contention that appellant was denied a fair trial because Juan Alvarado and his sister Herlinda may have expressed a desire not to talk to appellant's attorney about the incident. There is no evidence that they actually refused to cooperate with appellant. The witnesses had no duty to talk to appellant and counsel and no deposition was requested. Additionally, there is no evidence that appellant was harmed in any way by the Alvarados' alleged reluctance to talk to appellant's attorney.

We find that appellant received a fair trial and overrule his first ground of error. *See Easley v. State,* 454 S.W.2d 758, 761–62 (Tex.Crim.App.1970) (defendant was not denied due process due to State's failure to preserve finger prints and bloodspots at scene of rape).

In his second ground of error, appellant contends that the trial court improperly restricted his impeachment of Juan Alvarado, one of the State's witnesses. On cross-examination, Mr. Laurel, appellant's attorney, asked Alvarado if he or his mother had hired Mr. Rodriguez, an attorney, to contact Laurel and to advise him not to attempt any further communications with the Alvarados. The witness responded that neither he nor his mother had hired anyone.

Appellant sought to ·impeach this denial by putting Rodriguez on the stand. By a bill of exception, Rodriguez identified a letter written by Laurel to Rodriguez. In that letter, Laurel referred to a telephone conversation between the two attorneys in which Rodriguez requested Laurel not to communicate with Juan or Herlinda Alvarado. The trial court sustained the State's objection to the testimony of Rodriguez.

The trial court acted properly. The proferred testimony did not impeach Juan Alvarado's testimony; Alvarado testified only that he and his mother had not *hired* anyone, not that they had not *contacted* anyone. Further, Rodriguez was unable to identify the persons who asked him to send the letter; there was nothing to show that Juan Alvarado was the one who had contacted Rodriguez.

Additionally, appellant's attempts to impeach Juan Alvarado involved a collateral matter, namely whether the Alvarado family wanted to talk about the shooting incident with appellant's attorney. The rule is well-established that "[w]hen a witness is cross-examined on a collateral matter, the cross-examining party may not then contradict the witness' answer." *Flannery v. State*, 676 S.W.2d 369, 370 (Tex.Crim.App.1984); *Shipman v. State*, 604 S.W.2d 182, 183 (Tex.Crim.App.1980). A matter is collateral if the cross-examining party would not be entitled to prove that matter as part of his case tending to establish his plea. *Shipman* at 184; *Bates v. State*, 587 S.W.2d 121, 133 (Tex.Crim. App.1979). *See also Keller v. State*, 662 S.W.2d 362, 365 (Tex.Crim.App.1984). Whether or not Juan Alvarado wanted to talk to appellant's attorney was immaterial to prove appellant acted in self-defense when he shot Garcia. Appellant's second ground of error is overruled.

In his final two grounds, appellant assigns error to the trial court's exclusion of evidence that the victim, Pablo Garcia, had previously been convicted of burglary and possession of heroin. In his third ground of error, appellant contends that the convictions were relevant to show appellant's state of mind when he shot Garcia.

"[A] person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against force." TEX.PENAL CODE ANN. § 9.31 (Vernon 1974). This provision places the defendant's state of mind in issue; "when it is invoked, the deceased's reputation for violence and commission of prior specific acts of violence *which are known to the defendant* are probative of whether the defendant reasonably believed the force he used was immediately necessary to protect himself." *Thompson v. State*, 659 S.W.2d 649, 653 (Tex.Crim.App. 1983) (emphasis in original); *see also Beecham v. State*, 580 S.W.2d 588, 590 (Tex. Crim.App.1979).

Applying this rule, we hold the trial court properly excluded evidence of Garcia's convictions. Since there is no evidence that appellant knew of Garcia's convictions, they could not be probative of appellant's state of mind at the time he shot Garcia. Appellant did testify that he had known Garcia for about six years and knew Garcia had been in prison, but he did not say he knew of the specific offenses for which Garcia had been convicted. Appellant testified that Garcia had threatened him in the past and that he "always had a pistol." He never testified, however, that Garcia's previous, unrelated offenses ever crossed his mind on the night he shot Garcia. Even if appellant did know of Garcia's convictions for burglary and heroin possession, we do not see how they would have led appellant to conclude Garcia was about to gun him down. As our holding on appellant's next ground makes clear, the offenses were not *violent* ones. Appellant's third ground of error is overruled.

In his last ground of error, appellant argues that evidence of the convictions should have been admitted to establish Garcia's propensity for violence. Evidence of Garcia's reputation as a *violent* and *dangerous* person would be admissible to show his propensity for violence. *Beecham* at 590; *Guzman v. State*, 649 S.W.2d 77, 80 (Tex.App.—Corpus Christi 1982, no pet.).

Garcia's prior convictions do not tend to show he was a violent person, however. Possession of heroin is certainly not a violent crime, and "burglary is not a crime of violence per se." *Gardner v. State*, 699 S.W.2d 831, 833, 836 (Tex. Crim.App.1985) (Opinion on motion for rehearing) (not yet reported). Although the issue in *Gardner* did not involve the admissibility of a prior burglary conviction into evidence, the Court's analysis concerning burglary as a crime of violence is useful here.

The defendant in *Gardner* was convicted of possession of a firearm by a convicted felon. TEX.PENAL CODE ANN. § 46.05

(Vernon 1974). One of the elements of this offense is that the accused must previously have been convicted of a felony involving an act of violence or threatened violence to a person or property. At issue in *Gardner* was whether the defendant's prior burglary conviction satisfied this element. The Court held that for the defendant's conviction to stand, the State was required to prove that the prior burglary offense involved an act of violence or threatened violence to property. *Gardner* at 833. In other words, it would not be presumed that burglary necessarily involves the use of violence. The Court apparently held that the State failed to prove that the defendant's prior burglary conviction involved violence and affirmed the court of appeals' acquittal of defendant. *Gardner* at 835–836.

Under *Gardner*, burglaries are not presumptively crimes of violence. Thus, for appellant to use Pablo Garcia's prior burglary conviction to show Garcia's propensity for violence, appellant was required to introduce evidence that Garcia's previous burglary conviction involved an act of violence or threatened violence. Appellant introduced no evidence that Garcia committed acts of violence during the commission of either of the offenses for which he had been previously convicted. Thus, the trial court correctly excluded evidence of Garcia's convictions since they did not tend to show Garcia's propensity to commit acts of violence. Appellant's fourth and final ground of error is overruled.

The record shows that appellant received a fair trial, and the trial court properly excluded proffered evidence intended to impeach Juan Alvarado on a collateral matter. The court also properly excluded evidence of the prior convictions of the deceased, Pablo Garcia, since they did not tend to show either appellant's state of mind when he pulled the trigger or Garcia's propensity for violence.

The judgment of the trial court is AFFIRMED.