342 S.E.2d 251

**David KENNEDY**

v.

**STATE of W. Va., Hon. Steven D. Narick, Judge, etc., et al.**

**No. 16944.**

Supreme Court of Appeals of West Virginia.

April 3, 1986.

Jeff C. Woods, Jackson, Kelly, Holt & O'Farrell, Charleston, for appellant.

Charlie Brown, Atty. Gen., Mary Rich Maloy, Asst. Atty. Gen., Charleston, for appellees.

McGRAW, Justice:

This is an original proceeding in prohibition in which the petitioner, David Kennedy, seeks an order directing the respondents to refrain from further proceeding upon the indictment returned against the petitioner by the grand jury assembled in Tyler County during February of 1985. This indictment charged the petitioner with two counts of obtaining money by false pretenses from the complainant below, Linda Kay Hamilton.

By written proposal submitted by the petitioner (d/b/a Kennedy Building and Roofing) on August 23, 1984, and acceptance by the complainant on September 4, 1984, these two parties entered into a contract whereby the petitioner would construct a new home for the complainant. The petitioner was to supply the labor and

materials as specified in the contract, for the agreed sum of $53,200. During the progress of the construction, the complainant tendered five checks to Kennedy Building and Roofing. Specifically, it appears that the complainant delivered a total of $52,100 by the following checks: (1) September 14, 1984 ($20,000); (2) October 19, 1984 ($20,000); (3) November 16, 1984 ($6,200); (4) December 3, 1984 ($4,400); (5) December 12, 1984 ($1,500).

The criminal indictment returned on February 13, 1985 charges the petitioner with two counts of obtaining money by false pretenses from Linda Hamilton.[1] The first count arises out of the $6,200 check given to petitioner on November 16, 1984. According to the allegations, the petitioner obtained this check from the complainant by representing that money was needed to purchase bricks for the home and to pay bricklayers. The respondents further allege an invoice in the amount of $3,255 from Belpre Transfer Company, dated November 24, 1984 evidencing the petitioner's purchase of bricks for the complainant's home has not been paid, and that the petitioner never intended to pay it. The second count arises out of the complainant's $1,500 check to the petitioner dated December 12, 1984. According to the respondents, the petitioner obtained this money by claiming that the funds were needed to purchase insulation and meet payroll obligations. The respondents further allege that the insulation was not and has not been purchased by the petitioner, and that he never intended to do so.

On July 12, 1985, a civil action was instituted in the Circuit Court of Tyler County by New Martinsville Supply Company, Inc., based upon a materialmen's lien filed against Linda Hamilton's property in February of that year due to unpaid sums owing upon materials supplied to the petitioner for the construction of Ms. Hamil-

ton's house. Defendants in this civil action are Ms. Hamilton and the petitioner, as well as other record lienholders. In this pending civil action the petitioner has cross-claimed against Ms. Hamilton asserting entitlement to *quantum meruit* recovery above the contracted price due to alleged changes in the construction plan by her; and Ms. Hamilton has cross-claimed against the petitioner alleging breach of contract and fraud.

Returning to the criminal action, which is the sole subject in this proceeding, the record reveals that the petitioner filed two motions to dismiss in the circuit court below, contending: (1) that the petitioner's indictment represented an abuse of criminal process; and (2) that the indictment itself was legally insufficient for failure to state any criminal offense. On September 13, 1985, respondent Judge Narick denied the motions to dismiss and scheduled the case for trial. The petitioner then sought extraordinary relief by petition for a writ of prohibition filed with this Court. The criminal trial has been stayed pending the outcome of this proceeding.

The petition for a writ of prohibition raises three issues. The first two issues relate to the contentions presented in the motions to dismiss the indictment denied by the circuit court below. Additionally, the petitioner contends that relief from criminal prosecution should be awarded due to certain conduct of the complainant and her private counsel. The petitioner argues that this conduct has prejudicially interfered with his constitutional right to prepare an adequate defense in the criminal action.

As a necessary part of addressing the petitioner's three arguments for relief, we must place them within the context of the particular proceeding. West Virginia Constitution art. VIII § 3 provides that this Court shall have original jurisdiction in pro-

---

1. The indictment arose under West Virginia Code § 61-3-24(a) (1984 Replacement Vol.), which provides, in relevant part, that "If any person obtain from another, by any false pretense, token or representation, with intent to defraud, money, goods or other property which may be the subject of larceny ... he shall ... be deemed guilty of larceny, and, if the value of the money, goods or other property is two hundred dollars or more, such person shall be guilty of a felony, and upon conviction thereof, shall be confined in the penitentiary not less than one nor more than ten years, or, in the discretion of the court, be confined in the county jail not more than one year and shall be fined not more than five hundred dollars."

ceedings in prohibition. The general standard for an award of the relief sought herein is contained in West Virginia Code § 53–1–1 (1981 Replacement Vol.), which provides that "The writ of prohibition shall lie as a matter of right in all cases of usurpation and abuse of power, when the inferior court has no jurisdiction of the subject matter in controversy, or, having such jurisdiction, exceeds its legitimate powers."

▪▪▪ In the instant proceeding the petitioner seeks to invoke prohibition on the grounds that the circuit court abused or exceeded its legitimate powers in failing to grant the defense motions previously discussed. The scope of our review in such cases is stated in Syllabus point 2 of *Woodall v. Laurita*, 156 W.Va. 707, 195 S.E.2d 717 (1973):

> Where prohibition is sought to restrain a trial court from the abuse of its legitimate powers, rather than to challenge its jurisdiction, the appellate court will review each case on its own particular facts to determine whether a remedy by appeal is both available and adequate, and only if the appellate court determines that the abuse of powers is so flagrant and violative of petitioner's rights as to make a remedy by appeal inadequate, will a writ of prohibition issue.

*See also* Syl. pt. 1, *State ex rel. Williams v. Narick*, 164 W.Va. 632, 264 S.E.2d 851 (1980). Elaborating further on this point, we note the primary holding in Syllabus point 1 of *Hinkle v. Black*, 164 W.Va. 112, 262 S.E.2d 744 (1979), providing that "this Court will use prohibition in this discretionary way to correct only substantial, clear-cut, legal errors plainly in contravention of a clear statutory, constitutional, or common law mandate which may be resolved independently of any disputed facts...." Given this perspective, for the reasons discussed below we conclude that prohibition

is not an appropriate or necessary remedy under the circumstances of this case.

In his first argument to this Court the petitioner asserts that the alleged actions involved in the counts charged in the indictment are not, as a matter of law and under the totality of circumstances, criminal in nature and, consequently, represent an abuse of the criminal process. Essentially, the assertion is that the transactions between the petitioner and the complainant involved no felonious intent on the petitioner's part and therefore, are contractual matters capable of resolution in civil proceedings. From this premise, the petitioner concludes that the complainant, *vis a' vis* the State, is abusing the criminal process to gain advantage in the related civil suit.[2]

In *State v. Moore*, 166 W.Va. 97, 273 S.E.2d 821, 19 A.L.R.4th 945 (1980), this Court was reviewing, on appeal, a conviction for obtaining money under false pretenses where the defendant had been indicted after falling substantially short of his promise, upon which full payment was made, to deliver and complete a modular home upon the complaining witnesses' property. We concluded in *Moore*, as have a number of other jurisdictions, that the "false pretenses" of this statutory offense may be found in statements or promises relating to future acts. *See generally* Annot., 19 A.L.R.4th 959 (1983). We recognize that in situations involving a substantial failure to perform some promise there is justifiable concern over confusing criminal conduct with ordinary breach of contract. However, with this concern in view this Court emphasized in *Moore* that in order to sustain a criminal conviction "[t]he fraudulent intent at the time of the making of the false promise must be shown by 'something more than mere proof of nonperformance or actual falsity.'" *Id.*, 166 W.Va. at 100, 273 S.E.2d at 825, 19 A.L.R.4th 949–50 (1980) (quoting *People v. Ashley*, 42 Cal.2d 246, 267 P.2d 271, *cert. denied*, 348 U.S. 900, 75 S.Ct. 222, 99 L.Ed.

---

**2.** With respect to this final point, it is noteworthy that in the civil action, instituted by a third-party against both the petitioner and the complainant several months after the indictment was returned, it was the petitioner who first instituted litigation (by cross-claim) between himself and the complainant.

707 (1954). Requiring the State to prove beyond a reasonable doubt the existence of fraudulent intent at the time of the promise sufficiently delineates the difference between the criminal and civil wrongs.[3] In this regard, although the circumstances involved in the instant case and the *Moore* decision are somewhat similar, we do observe that the charges against the petitioner appear to rest upon "thinner" evidence, particularly with respect to proof of fraudulent intent contemporaneous with the monetary transactions.[4] Nevertheless, the conduct alleged by the State is clearly covered under the statute,[5] and matters of proof of such conduct are best left for review upon a full trial record. There has been a *bona fide* complaint to the prosecutor, police investigation, and indictment by a grand jury. The petitioner's primary course is to litigate his guilt or innocence before a jury, rather than engage this Court in interlocutory review of essentially factual evidentiary matters. We find no "substantial, clear-cut, legal errors" in the petitioner's first claim warranting extraordinary relief.

■ We find no such manifest error in the petitioner's claim of legal insufficiency of the indictment either.[6] "An indictment for a statutory offense is sufficient if, in charging the offense, it substantially follows the language of the statute, fully informs the accused of the particular offense with which he is charged and enables the court to determine the statute on which the charge is based." Syl. pt. 1, *State v. Fairchild,* 171 W.Va. 137, 298 S.E.2d 110 (1982); *see also* Syl. pt. 3, *State v. Wade,* 174 W.Va. 381, 327 S.E.2d 142 (1985); Syl. pt. 3, *State v. Hall,* 172 W.Va. 138, 304 S.E.2d 43 (1983).

The petitioner contends that neither Count 1 or Count 2 of the indictment is sufficient because both fail to allege one essential element of the statutory offense.[7]

3. We note that in some jurisdictions criminal convictions for such an offense must rest upon even stricter requirements. *See, e.g., People v. Churchill,* 47 N.Y.2d 151, 390 N.E.2d 1146, 417 N.Y.S.2d 221 (1979) (statute requires that People must prove to a "moral certainty" the intent not to perform at the time promise made); *State v. Krepp,* 107 Idaho 314, 688 P.2d 1219 (1984) (corroboration statutorily required in instances of oral promise).

4. *Compare Cates v. State,* 267 Ark. 726, 589 S.W.2d 598 (1979) (only evidence to support conclusion that builder did not intend to pay off liens was subsequent failure to do so); *State v. Pearson,* 39 N.J.Super. 50, 120 A.2d 468 (1956) (at most, State showed breach of contract after partial performance of building contract); *People v. Churchill, supra* (People's evidence "sufficient only to create the impression that defendant was a bumbling novice in the entrepreneurial community"); *Orr v. Commonwealth,* 229 Va. 298, 329 S.E.2d 30 (1985) (evidence insufficient where builder's good faith efforts and behavior showed he acted without criminal intent), *with Woodman v. People,* 168 Colo. 80, 450 P.2d 330 (1969) (evidence sufficient to show intent to defraud where home builder knew at time he accepted final payment and represented there were no outstanding claims that there were such claims); *Winnemore v. State,* 150 So.2d 277 (Fla.App.1963) (evidence sufficient where builder gave homeowner release of lien in exchange for final payment, but did not pay supplier); *State v. Beemer,* 538 S.W.2d 768 (Mo. App.1976) (conviction affirmed where homeowner delivered check to construction contractor in reliance on representation that contractor had paid for all construction materials); *Note-*

*ware v. State,* 658 S.W.2d 681 (Tex.App.1983) (evidence sufficient to show contractor obtained customer's money by deception by accepting it knowing that he could not perform as promised).

5. Where conduct leading to an indictment is not covered under the statutory offense, prohibition may be the most appropriate remedy. *See, e.g., State ex rel. Atkinson v. Wilson,* 175 W.Va. 352, 332 S.E.2d 807 (1984).

6. The Sixth Amendment of the U.S. Constitution provides that the accused shall be "informed of the nature and cause of the accusation." Article III, section 14 of the West Virginia Constitution similarly provides that the accused "shall be fully and plainly informed of the character and cause of the accusation." In furtherance of this right, Rule 7(b) of the West Virginia Rules of Criminal Procedure states that an indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged."

7. The counts as stated in the indictment are as follows:

COUNT 1

That on or about the 16th day of November, 1984, in the County of Tyler, State of West Virginia, David A. Kennedy, Sr., dba Kennedy Building and Roofing, committed the felony offense of "obtaining money and property by false pretenses" by obtaining from Linda Kay Hamilton a certain check of the value of more than $200.00, by knowingly and falsely pretending and representing that he obtained said check to purchase bricks to be used on the home of the said Linda Kay Hamilton,

In *State v. Moore, supra,* this Court summarized the elements of the offense of obtaining money by false pretenses under West Virginia Code § 61–3–24 (1984 Replacement Vol.) as follows: "(1) the intent to defraud; (2) actual fraud; (3) the false pretense was used to accomplish the objective; and (4) the fraud was accomplished by means of the false pretense, i.e., the false pretense must be in some degree the cause, if not the controlling cause, which induced the owner to part with his property." *Id.* at 829, 19 A.L.R.4th at 955.

Specifically, the petitioner characterizes the indictment as being framed in "conclusory language" which fails to aver facts alleging the element of actual fraud. Our reading indicates the contrary. Both counts of the indictment allege that the petitioner *"by obtaining"* from Linda Kay Hamilton *a certain check ... by knowingly and falsely pretending and representing ..."* did commit the stated offense. (emphasis added.) As succinctly stated in *State v. Persons,* 201 N.W.2d 895, 898–99 (N.D.1972), "an actual fraud is committed and complete when the defendant with intent to defraud another obtains from such person any money or property. The fraud is complete when such person parts with his property." The above-quoted language from the indictment is clearly a sufficient allegation of actual fraud.

The petitioner's final argument relates to his claim that the complainant and private counsel hired to represent her in the related civil action have interfered with his constitutional right to prepare an adequate defense to the criminal charges.[8] The facts underlying this final contention are as follows: On August 9, 1985, in the criminal action below, the circuit court granted the petitioner's motion "to allow the defendant, counsel for the defendant, and/or other members of the defense team, to enter, inspect, diagram, and photograph" the complainant's residence. Limitations placed upon this order by the court were (a) the complainant was to have 48-hour notice prior to inspection; (b) the inspection was limited to one hour; and (c) the prosecutor may not be present.

By subsequent letter to the complainant, the petitioner's counsel sought to ascertain a convenient date for this inspection. Additionally, the petitioner's counsel requested an interview with the complainant concerning the events involved in the criminal action. The complainant's counsel representing her in the related civil action responded with available dates for the house inspection. Additionally, her counsel stated that he would be present at such inspection, and that the complainant would not submit to an interview pertaining to the criminal action.

■■■■ Counsel for the petitioner subsequently filed a "motion to clarify" the court's previous inspection order. Upon consideration, the circuit court concluded that the order granting the defendant's motion to inspect the house was "clear, unambiguous and in no need of clarification." The court further concluded that: (1) the prosecuting witness had a right to be represented by private counsel; (2) such private counsel had a right to be present during the inspection of the residence of his client; and (3) the prosecuting witness had a right to refuse to be interviewed by counsel for the defendant. We find no infringement upon the petitioner's constitutional rights of confrontation and assistance of counsel, nor do we find any abuse

---

with the intent to defraud, in violation of West Virginia Code § 61–3–24(a), as amended, against the peace and dignity of the State.
COUNT 2
That on or about the 12th day of December, 1984, in the County of Tyler, State of West Virginia, David A. Kennedy, Sr., dba Kennedy Building and Roofing, committed the felony offense of "obtaining money and property by false pretenses" by obtaining from Linda Kay Hamilton a certain check of the value of more than $200.00, by knowingly and falsely pretending and representing that he obtained said check to purchase insullation [*sic*] to be installed in the home of the said Linda Kay Hamilton, with the intent to defraud, in violation of West Virginia Code § 61–3–24(a), as amended, against the peace and dignity of the State.

8. The petitioner cites the following provisions of the Sixth Amendment to the U.S. Constitution: "In all criminal prosecutions, the accused shall enjoy the right .... to be confronted with witnesses against him, ... and to have the assistance of Counsel for his defense."

of discretion by respondent Judge Narick in his rulings regarding the complainant's rights.

◼ The petitioner asserts, as part of his claim of interference, that the "apparent relationship" between the respondent Prosecutor and the complainant's private counsel places the latter in the role of "quasi-prosecutor" in the criminal action. However, the only basis cited to support this characterization is that Ms. Hamilton forwarded the letter she received from the petitioner's counsel pertaining to the setting of a date for inspection of the house (and request for an interview) to her private counsel, who then contacted the county prosecutor to let him know that he would respond to this letter on behalf of Ms. Hamilton. Particularly in view of the fact that the letter sent to Ms. Hamilton indicated that a copy had been sent to the prosecutor, we do not find this indicative of any sort of prosecutorial relationship, apparent or otherwise. While on this point, however, we make the following comments to avoid the possibility of prejudice during future proceedings in this case.

◼ Although not indicated as being exercised herein, victims of criminal acts are entitled, by common law, to employ a private prosecutor to assist a public prosecutor in the conduct of a particular case. See State v. Atkins, 163 W.Va. 502, 261 S.E.2d 55 (1979), cert. denied, 445 U.S. 904, 100 S.Ct. 1081, 63 L.Ed.2d 320 (1980). However, in such a situation a private prosecutor is subject to the same high standards of conduct applicable to the public prosecutor. See State ex rel. Moran v. Ziegler, 161 W.Va. 609, 244 S.E.2d 550 (1978); see also State v. Knight, 168 W.Va. 615, 285 S.E.2d 401 (1981) (public prosecutor with private interests). Accordingly, private counsel involved in furthering a civil interest should avoid assuming any prosecutorial duties in a related criminal action. See Ganger v. Peyton, 379 F.2d 709 (4th Cir.1967); Cantrell v. Commonwealth, 229 Va. 387, 329 S.E.2d 22 (1985).

We reiterate, however, that the petitioner in the instant proceeding has not presented any facts to indicate that the complainant's counsel has acted in an official or collusive capacity as private prosecutor in the underlying criminal action.

With respect to the issues raised by the above-mentioned "clarification" order, only brief comment is necessary. First, the complainant has the right to the assistance of private counsel in arranging the inspection of the house, and the concomitant right to his presence during the inspection. The complainant is entitled to such representation to protect and pursue her interests in the collateral civil suit instituted by a third-party lienholder.[9] We cannot infer any duplicitous motive from this justifiable conduct. Moreover, the petitioner gives no indication as to how civil counsel's assistance in merely setting an inspection date and being present will prejudicially interfere with preparation of his criminal defense. The respondent Judge's original order and subsequent clarification accord the petitioner a reasonable opportunity to inspect the complainant's property and gather any necessary evidence for trial.

◼ On the final point concerning the complainant's refusal to be interviewed, the law is clear. A prosecutor may not instruct prosecuting witnesses not to speak with a defendant or defense counsel, or otherwise unreasonably obstruct access to such witnesses. State v. Harr, 156 W.Va. 492, 194 S.E.2d 652 (1973). However, a government witness who does not wish to speak to or be interviewed by the defendant or defense counsel may not, absent extraordinary and compelling circumstances,[10] be required to do so; and private counsel or public prosecutor may properly inform a witness of this choice. A defendant's right of access is not violated so long as the final decision of the witness not to be interviewed is of his or her own volition. See, e.g., Kines v. Butterworth, 669 F.2d 6 (1st Cir.1981), cert. denied, 456 U.S. 980, 102 S.Ct. 2250, 72 L.Ed.2d 856 (1982); United States v. Mayo, 705 F.2d 62

---

**9.** See footnote 2, supra.

**10.** See, e.g., State v. McDevitt, 297, A.2d 58 (Del.Super.1972).

(2nd Cir.1983); *United States v. Walton*, 602 F.2d 1176 (4th Cir.1979); *United States v. Caldwell*, 750 F.2d 341 (5th Cir.1984) *cert. denied*, 471 U.S. 1007, 105 S.Ct. 1873, 85 L.Ed.2d 166 (1985); *United States v. Scott*, 518 F.2d 261 (6th Cir.1975); *United States ex rel. Jones v. DeRobertis*, 766 F.2d 270 (7th Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 1280, 89 L.Ed.2d 587 (1986); *United States v. Bittner*, 728 F.2d 1038 (8th Cir.1984); *United States v. Black*, 767 F.2d 1334 (9th Cir.1985), *cert. denied*, 474 U.S. 1022, 106 S.Ct. 574, 88 L.Ed.2d 557 (1985); *United States v. Pinto*, 755 F.2d 150 (10th Cir.1985); *United States v. Pepe*, 747 F.2d 632 (11th Cir.1984); *Hill v. State*, 366 So.2d 296 (Ala.Crim.App. 1978), *aff'd*, 366 So.2d 318 (Ala.1979); *Mota v. Buchanan*, 26 Ariz.App. 246, 547 P.2d 517 (1976); *David v. State*, 269 Ark. 498, 601 S.W.2d 864 (1980); *People v. Cooks*, 141 Cal.App.3d 224, 190 Cal.Rptr. 211 (1983), *cert. denied sub nom., Green v. California*, 464 U.S. 1046, 104 S.Ct. 718, 79 L.Ed.2d 180 (1984); *Corbett v. People*, 153 Colo. 457, 387 P.2d 409 (1963), *cert. denied*, 377 U.S. 939, 84 S.Ct. 1346, 12 L.Ed.2d 302 (1964); *State v. McDevitt*, 297 A.2d 58 (Del.Super.1972); *In re B.L.B.*, 432 A.2d 722 (D.C.1981); *Barton v. State*, 193 So.2d 618 (Fla.App.1966), *cert. denied*, 201 So.2d 459 (Fla.1967); *Baxter v. State*, 254 Ga. 538, 331 S.E.2d 561 (1985), *cert. denied*, 474 U.S. 935, 106 S.Ct. 269, 88 L.Ed.2d 275 (1985); *State v. Jones*, 62 Hawaii 572, 617 P.2d 1214 (1980); *People v. Goff*, 137 Ill. App.3d 108, 91 Ill.Dec. 855, 484 N.E.2d 414 (1985); *Lewis v. State*, 451 N.E.2d 50 (Ind. 1983); *State v. May*, 339 So.2d 764 (La. 1876); *State v. Flick*, 425 A.2d 167 (Me. 1981); *Kardy v. Shook*, 237 Md. 524, 207 A.2d 83 (1965); *Commonwealth v. Campbell*, 378 Mass. 680, 393 N.E.2d 820 (1979); *People v. Russell*, 47 Mich.App. 320, 209 N.W.2d 476 (1973); *State v. Reichenberger*, 289 Minn. 75, 182 N.W.2d 692 (1970); *Blair v. State*, 445 So.2d 1373 (Miss.1984); *State*

*v. Dodson*, 556 S.W.2d 938 (Mo.App.1977); *State v. Boiardo*, 172 N.J.Super. 528, 412 A.2d 1084 (1980); *State v. Williams*, 91 N.M. 795, 581 P.2d 1290 (1978); *People v. Marino*, 87 Misc.2d 542, 385 N.Y.S.2d 918 (1976); *State v. Wilson*, 311 N.C. 117, 316 S.E.2d 46 (1984); *Heavener v. State*, 706 P.2d 905 (Okla.Crim.App.1985); *State v. Trow*, 56 Or.App. 478, 642 P.2d 1178 (1982), *review denied*, 293 Or. 394, 650 P.2d 927 (1982); *Commonwealth v. Molan*, 318 Pa.Super. 521, 465 A.2d 676 (1983); *Graves v. State*, 489 S.W.2d 74 (Tenn.Crim.App. 1972); *Renteria v. State*, 703 S.W.2d 329 (Tex.App.1985); *State v. Simmons*, 57 Wis.2d 285, 203 N.W.2d 887 (1973); *Hopkinson v. State*, 632 P.2d 79 (Wyo.1981), *cert. denied*, 455 U.S. 922, 102 S.Ct. 1280, 71 L.Ed.2d 463 (1982). In the proceeding before us, there has been no showing of anything other than a free choice, upon advice of private counsel, not to be interviewed.[11]

Based upon the foregoing reasons, the writ of prohibition prayed for is denied.

Writ denied.

---

**11.** Although not raised by the parties to the instant proceeding, it would appear that the more liberal discovery rules applicable to the related civil action should not be used simply as an indirect means to obtain the interview sought in the criminal action. *See, e.g., United States v. One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352 (S.D.N.Y.1966); *United States v.*

*Steffes*, 35 F.R.D. 24 (D.Mont.1964); *Campbell v. Eastland*, 307 F.2d 478 (5th Cir.1962), *cert. denied*, 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502 (1963). Under Rule 26(c) of the West Virginia Rules of Civil Procedure, the trial court has broad powers to control the use of the civil discovery process in order to prevent its abuse by any party.