**Donald Ray HILL, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–87–00162–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

March 24, 1988.

Discretionary Review Refused June 29, 1988.

Janet Seymour Morrow, Houston, for appellant.

John B. Holmes, Dist. Atty., Harris County, Timothy G. Taft, Asst. Dist. Atty., Harris County, for appellee.

Before COHEN, JACK SMITH and HOYT, JJ.

COHEN, Justice.

After a jury found appellant guilty of murder "with the use of a firearm," appellant pled "true" to an enhancement paragraph, and the trial court assessed punishment at 25 years imprisonment.

Appellant contends that the trial court erred in excluding evidence that the deceased had prior convictions for burglary of a habitation and burglary of a building.

■ Appellant attempted to show that the deceased was the aggressor by proving prior acts of violence. *See Dempsey v. State,* 266 S.W.2d 875, 878 (Tex.Crim.App. 1954). The trial court allowed the introduction of a judgment for attempted murder, but did not allow evidence of convictions for burglary of a habitation and burglary of a building. Appellant asserts that burglary is also a crime of violence and that the evidence of these burglaries should have been allowed.

In *Renteria v. State,* 703 S.W.2d 329, 333–334 (Tex.App.—Corpus Christi 1985, no pet.), the court held that a murder defendant must introduce evidence that a previous burglary conviction involved an act of violence or threatened violence in order to use a burglary conviction to show the deceased's propensity for violence. *Renteria* cited analogous decisions under the possession of a firearm by a convicted felon statute, Tex.Penal Code Ann. sec. 46.05 (Vernon 1974). An element of that offense is that the accused was convicted previously of a felony involving an act of violence or threatened violence to a person or property. *See Gardner v. State,* 699 S.W.2d 831 (Tex.Crim.App.1985) (op. on reh'g) (holding that burglaries are not presumed to be crimes of violence in prosecutions under sec. 46.05). We agree with the decision in *Renteria.*

Here, appellant produced no evidence that the victim's burglary convictions involved acts of violence. The court did not abuse its discretion by excluding evidence of the burglary convictions. *Compare Thompson v. State,* 659 S.W.2d 649, 654–55 (Tex.Crim.App.1983) (no error in murder case to exclude evidence that deceased had a conviction for unlawfully carrying a weapon).

The second point of error is overruled.

■ Appellant claims that the jury charge was fundamentally defective because the application paragraph authorized the jury to convict appellant of murder without finding a culpable mental state. The jury charge stated:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 24th day of May, 1986 in Harris County, Texas, the defendant, DONALD RAY HILL, also known as DONALD RAY YOUNG, did then and there unlawfully, intentionally or knowingly cause the death of Kirk Douglas Gilford by shooting Kirk Douglas Gilford with a firearm ... then you will find the defendant guilty of murder as charged in the indictment.

This charge, appellant asserts, allowed the jury to find that he either *unlawfully* or *intentionally* or *knowingly* caused a death, rather than a proper charge that he unlawfully either intentionally or knowingly caused the death of the deceased.

Appellant did not object to the jury charge. He therefore must demonstrate "egregious" harm. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (op. on reh'g). The jury charge defined the terms of "intentionally" and "knowingly." The State's jury argument did not instruct the jury to find appellant guilty without finding a culpable mental state. The prosecutor, in fact, argued that the deceased was "shot and killed deliberately and intentionally" by the appellant. A similar argument was rejected in *Huddleston v. State,* 661 S.W.2d 111 (Tex.Crim.App.1983).

The first point of error is overruled.

■ Appellant next asserts that the trial court erred in not allowing him to ask the State's reputation witness whether he had

heard that the deceased had convictions for burglary of a building and burglary of a habitation.

The State called Clarence Jones to rebut appellant's claim that the deceased was the aggressor. Jones testified that the deceased had a reputation as a nonviolent, nonaggressive person and that, in his opinion, the deceased was nonviolent. Jones did not testify that the deceased had a good reputation as a peaceable and law-abiding person. On cross-examination, Jones conceded he did not know that the deceased had been convicted of attempted murder. Appellant offered testimony about the burglary convictions, but the court excluded it.

Appellant submits that the burglary convictions were admissible to prove that the deceased had a dangerous and violent character. For the reasons stated under point of error two, we again disagree. A different question would be presented if Jones had testified to the deceased's reputation as a peaceable and law-abiding person.

The third point of error is overruled.

The judgment is affirmed.