NUMBERS 13-01-606-CR & 13-01-607-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG



 



MATIAS TAPIA, Appellant,



v.




THE STATE OF TEXAS , Appellee.

 



On appeal from the 214th District Court 

of Nueces County, Texas.

 



OPINION



Before Chief Justice Valdez and Justices Hinojosa and Rodriguez

Opinion by Chief Justice Rogelio Valdez



 Appellant, Matias Tapia, was indicted for the offenses of state jail felony theft and third degree felony theft in cause
numbers 97-CR-1903-F and 97-CR-1904-F in the 214th District Court of Nueces County, Texas. See Tex. Pen. Code Ann.
§ 31.03 (Vernon 2003). The jury found appellant guilty of each indicted offense. Appellant pleaded true to a prior felony
conviction for theft. 

 The trial court assessed punishment at two years of imprisonment in a state jail facility, and, concurrently, five years of
imprisonment in the Texas Department of Corrections, Institutional Division. By one issue, appellant challenges the legal
sufficiency of the evidence to support his conviction. We affirm.

Standard of Review


 In reviewing the legal sufficiency of the evidence, we determine whether, after viewing the evidence in the light most
favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a
reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); Lacour v. State, 8 S.W.3d 670, 671 (Tex. Crim. App.
2000). In conducting this analysis, we may not reweigh the evidence and substitute our judgment for that of the jury. King
v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). The standard is the same for both direct and circumstantial evidence
cases. Kutzner v. State, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999); Villarreal v. State, 79 S.W.3d 806, 810 (Tex.
App.-Corpus Christi 2002, no pet.).

Background


 Viewing the evidence in the light most favorable to the prosecution, the record evidence reveals that appellant operated a
building construction company, Allstar Construction. He contracted with complainants Placido Cuellar and Oscar Guzman
to perform remodeling work on their homes, and received large advance payments prior to the inception of work. In each
instance, appellant began work but failed to complete the contracted projects, performing less than half the contracted
work. Appellant subsequently avoided contact with complainants. Appellant never completed the projects, nor did he
return any of the monies paid under the contracts. 

 Guzman testified that, in October 1996, he paid appellant $18,232, in advance, for a remodeling project at Guzman's
home. Appellant's employees installed some piers and removed a portion of the structure so that a proposed room addition
could be built, but the workers never returned to finish the job. Guzman testified that he both telephoned and visited
appellant's office repeatedly to determine why work was not progressing, yet appellant failed to answer or return his calls. 

 Cuellar testified that he paid appellant $24,000 in November 1996 to remodel his home. Appellant's employees installed
some piers and tore down a wall of the dwelling in preparation for a room addition, but, again, the workers never returned
to finish the job. Cuellar attempted to contact appellant on numerous occasions about the status of the project, but appellant
did not return his calls. 

 Witnesses Emilda Garza, Irma Fuentes, Ramiro Gamboa, Maria Robels, and Jeronimo Serna, testified that they entered
into home improvement contracts with appellant in August 1995, November 1995, April 1996, June 1996, and September
1996. In each instance, appellant entered contracts with these individuals, took money up front, began performance, failed
to complete the work, and refused further contact with the homeowners. 



Applicable Law


 A person commits theft if he unlawfully appropriates property with the intent to deprive the owner of such property. Tex.
Pen. Code Ann. § 31.03(a) (Vernon 2003); Ellis v. State, 877 S.W.2d 380, 382 (Tex. App.-Houston [1st Dist.] 1994, pet.
ref'd). For purposes of the instant case, appropriation of property is unlawful if it is without the owner's effective consent. 
Tex. Pen. Code Ann. § 31.03(b)(1) (Vernon 2003). Consent is not effective if it is induced by deception. Tex. Pen. Code
Ann. § 31.01(3)(A) (Vernon 2003). Deception is defined as "creating or confirming by words or conduct a false impression
of law or fact that is likely to affect the judgment of another in the transaction, and that the actor does not believe to be
true," or 

 promising performance that is likely to affect the judgment of another in the transaction and that the actor does not intend
to perform or knows will not be performed, except that failure to perform the promise in issue without other evidence of
intent or knowledge is not sufficient proof that the actor did not intend to perform or knew the promise would not be performed.



Tex. Pen. Code Ann. § 31.01(1)(A) (Vernon 2003). 

 Appellant argues that the evidence was insufficient as a matter of law to prove theft by deception because the only
evidence of deception is appellant's failure to perform the promises in issue. According to appellant, this is not sufficient
proof that he did not intend to perform or knew that his promises would not be performed. Appellant argues that the
evidence fails to establish criminal intent, but instead merely shows a contractual civil dispute. 

 Theft convictions resulting from otherwise contractual civil disputes may warrant reversal for insufficient evidence where
there is no evidence supporting the requisite criminal intent. See Peterson v. State, 645 S.W.2d 807, 811-12 (Tex. Crim.
App. 1983);Phillips v. State, 640 S.W.2d 293, 294 (Tex. Crim. App. 1982). 

 However, appellant's criminal intent may be inferred from the surrounding circumstances. Coronado v. State, 508 S.W.2d
373, 374 (Tex. Crim. App. 1974); Ellis, 877 S.W.2d at 383. Evidence of other crimes, wrongs, or acts are admissible to
prove intent. See Tex. R. Evid. 404(b); Hegar v. State, 11 S.W.3d 290, 296-97 (Tex. App.-Houston [1st Dist.] 1999, no
pet.) (evidence of other transactions admissible to show intent in theft case). Moreover, evidence that appellant has
previously participated in recent transactions other than, but similar to, that on which the prosecution is based is admissible
for the purpose of showing knowledge or intent. Tex. Pen. Code Ann. § 31.03(c)(1) (Vernon 2003).

 After reviewing the record in the light most favorable to the verdict, we conclude that the evidence is sufficient to support
the conviction. Jackson, 443 U.S. at 319. Both complainants and five witnesses testified that they paid appellant for work
which was not completed and the funds were not returned. A rational juror could have found that appellant had no
intention of fulfilling his contractual obligations when he took the complainants' money. Ellis, 877 S.W.2d 380; Noteware
v. State, 658 S.W.2d 681, 683 (Tex. App.-Dallas 1983, no pet.). 

 Accordingly, we affirm the judgment of the trial court. 



ROGELIO VALDEZ

Chief Justice 





Do Not Publish 

Tex. R. App. P. 47.2(b)

Opinion delivered and filed

this 24th day of April, 2003.