Opinion issued September 20, 2007










 






In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00176-CR






BENNY RAY CAZARES, JR., Appellant


V.


STATE OF TEXAS, Appellee






On Appeal from the 182nd District Court

Harris County, Texas

Trial Court Cause No. 1000619






MEMORANDUM OPINION

 Appellant, Benny Ray Cazares, Jr., appeals from a judgment convicting him of
murder. See Tex. Pen. Code Ann. § 19.02 (Vernon 2006). Appellant pleaded not
guilty to the jury, claiming self-defense. See Tex. Pen. Code Ann. § 9.32l (Vernon
2003). The jury assessed punishment at confinement for 18 years in prison. In his
sole issue, appellant contends that the trial court erred by excluding a prior criminal
conviction for burglary of a habitation that was offered as evidence of complainant's
violent character. We conclude that appellant has not shown that the particular facts
and circumstances of complainant's burglary conviction involved an act of violence
or a threat of violence and therefore the trial court did not err by excluding the
evidence. We affirm.

Background

 In September 2004, appellant and his wife of 11 years had been separated for
about one month. Appellant lived in an apartment in Pasadena, Texas when
complainant stayed with him for the night. The two drank beer together, listened to
music, and watched some movies. Around 8:00 a.m., when appellant awoke, he
found complainant drinking beer. The two spent the morning listening to music until
appellant's wife called. After finishing the phone conversation, appellant told
complainant that appellant's wife was coming over. Complainant then asked
appellant, "How could you let your family leave you and when are you going to get
them back?" Appellant told complainant that it was none of his business. The two
men began to fight, culminating in appellant stabbing complainant 15 times. 

 At around 11:45 a.m., a police officer with the Pasadena Police Department
responded to a dispatch that a possible stabbing had occurred at appellant's
apartment. When the officers arrived at the apartment, appellant told them, "It's me. 
I'm the one you want. I did it." Officers found complainant inside the apartment,
curled up in a fetal position with blood all around him. A knife was found on a
nearby couch.

 At trial, appellant testified that complainant began the physical altercation by
throwing punches at him. Appellant responded by striking complainant in the head
with a phone. According to appellant, the two men fought, exchanging blows and
shoving each other. During the fight, appellant noticed a knife in complainant's right
back pocket. Appellant stated that he watched as complainant attempted to reach for
the knife. Believing that complainant intended to kill him, appellant "beat
[complainant] to the knife." As complainant started to rise to his feet headed towards
appellant, appellant stabbed complainant once in the chest. Appellant stated that he
then saw complainant reach for something under the couch, and, in response,
appellant stabbed complainant in the back 15 times because he believed complainant
was reaching for a weapon. 

 During cross-examination, appellant acknowledged that complainant never had
the knife in his hand and never threatened appellant. Furthermore, appellant admitted
saying to the detective, "There was no need at all for what I did."

Exclusion of Evidence of Prior Conviction

 In his sole issue on appeal, appellant contends that the trial court erred by
excluding evidence of complainant's prior conviction for burglary of a habitation,
which he asserts is probative of complainant's violent character and relevant to his
claim of self-defense. The State responds that, because there was no evidence that
complainant's prior conviction for burglary of a habitation involved an act of
violence or a threat of violence, the evidence was not relevant to the issue of self-defense.

 We review the trial court's exclusion of evidence under an abuse of discretion
standard. Edwards v. State, 178 S.W.3d 139, 145 (Tex. App.--Houston [1st Dist.]
2005, no pet.) (citing Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim. App.
2000)). If the trial court's evidentiary ruling is within the zone of reasonable of
disagreement, then an appellate court should not disturb it. Powell, 63 S.W.3d 435,
438 (Tex. Crim. App. 2001); Edwards, 178 S.W.3d at 146.

 When a defendant in a murder prosecution raises the issue of self-defense, he
may introduce evidence of the complainant's violent character. Tex. R. Evid.
404(a)(2); Torres v. State, 117 S.W.3d 891, 894 (Tex. Crim. App. 2003); Hayes v.
State, 124 S.W.3d 781, 785 (Tex. App.--Houston [1st Dist.] 2003), aff'd, 161 S.W.3d
507 (Tex. Crim. App. 2005). A complainant's specific acts of violence may be
introduced to demonstrate the reasonableness of the defendant's fear of danger or to
demonstrate that the complainant was the first aggressor. Torres, 117 S.W.3d at 894;
Hayes, 124 S.W.3d at 785. However, "such specific acts of violence are admissible
only to the extent that they are relevant apart from showing character conformity." 
Torres, 117 S.W.3d at 894; see Hayes, 124 S.W.3d at 786. Before a specific act of
violence by the complainant can be introduced into evidence, there must be some
evidence of a violent or aggressive act by the complainant that tends to raise the issue
of self-defense that the specific act of violence may explain. Torres, 117 S.W.3d at
895.

 Burglary is not a crime of violence per se, and "the determination of whether
a particular burglary is [a crime of violence] must depend on the facts and
circumstances of each case." Burks v. State, 876 S.W.2d 877, 894 (Tex. Crim. App.
1994). A defendant must introduce evidence that a prior burglary conviction
involved an act of violence or a threat of violence in order to use a burglary
conviction to show the complainant's propensity for violence. See Hill v. State, 748
S.W.2d 314, 315 (Tex. App.--Houston [1st Dist.] 1988, pet. ref'd); Renteria v. State,
703 S.W.2d 329, 333-34 (Tex. App.--Corpus Christi 1985, no pet.). 

 The record reflects that appellant's trial counsel attempted to introduce
evidence of complainant's prior burglary conviction during his cross-examination of
a detective who investigated complainant's death. In response to the prosecuting
attorney's objection to the evidence as irrelevant, the trial court asked appellant's trial
counsel whether complainant's conviction involved a "deadly weapon or anything
showing an act of violence." Appellant's trial counsel represented to the court that
the prior burglary conviction did not involve a deadly weapon or anything showing
an act of violence. The trial court then sustained the prosecuting attorney's objection,
stating, "I don't think burglary of a habitation is, per se, an act of violence." As
acknowledged by trial counsel, no evidence shows that complainant's conviction for
burglary of a habitation involved an act of violence or a threat of violence. See Hill,
748 S.W.2d at 315 (holding that trial court did not abuse discretion by excluding
burglary conviction when defendant "produced no evidence that the [complainant's]
burglary convictions involved acts of violence."). (1) Because no evidence shows that
complainant's burglary conviction was pertinent to the issue of complainant's
propensity for violence, we hold that the trial court did not abuse its discretion by
excluding the evidence of complainant's burglary conviction. We overrule
appellant's sole issue on appeal.

Conclusion

 We affirm the judgment of the trial court.





 Elsa Alcala

Justice


Panel Consists of Chief Justice Radack and Justices Alcala and Bland.


Do not publish. See Tex. R. App. P. 47.2(b).
1. Appellant cites to Torres v. State to assert that unlawful entry into another's home is
an act of aggression. 117 S.W.3d 891, 895 (Tex. Crim. App. 2003). In Torres, the
appellant was charged with murder. Id. at 893. The night before the murder, the
appellant stayed with his girlfriend, Roxanne. Id. at 893-94. The complainant, who
was Roxanne's ex-boyfriend, showed up uninvited and unannounced at 6:30 a.m. on
the balcony of Roxanne's apartment. Id. at 894. Roxanne saw the complainant on the
balcony, yelled, "It's him," and ran into her aunt's room to call 911. Id. While on the
phone, she heard a thump and two gunshots. Id. The appellant shot the complainant
in the abdomen and the face, killing him. Id. At trial, the appellant raised the issue
of self-defense by attempting to introduce evidence of the complainant's violent
character to show that the complainant was the first aggressor. Id. Specifically, the
appellant tried to introduce evidence from Roxanne's aunt that two days before the
murder, the complainant climbed through a second-story bedroom window at the
aunt's home and asked for Roxanne. Id. at 894. When Roxanne's aunt said that she
did not know where Roxanne was, the complainant threatened "to do something to
you and your kids" if she did not tell him where Roxanne was. Id. The trial court
excluded this evidence. Id. The Court of Criminal Appeals held that complainant's
"climbing up the second-story balcony, uninvited and unannounced, at 6:30 a.m.
constitutes an act of aggression." Id. The court therefore held that the appellant had
shown a sufficient act of aggression to lay the proper predicate for the introduction
of the prior violent act. Id. at 896. Thus, in Torres, the specific facts of the burglary
were found to be aggressive. See id. In comparison, here, we have no information
about the specific facts of the burglary, other than appellant's attorney's affirmative
statement that the burglary did not involve violence.