Johnnie TASBY, a/k/a Akili S.
Amen-Ra, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–83–105–CR.

Court of Appeals of Texas,
Texarkana.

Aug. 14, 1984.

Discretionary Review Dismissed
Nov. 21, 1984.

James L. Clark, Naples, for appellant.

Louis Raffaelli, David Malaby, Jr., Texarkana, for appellee.

CORNELIUS, Chief Justice.

Tasby appeals his conviction of aggravated robbery and enhanced sentence of life imprisonment. He raises four grounds: two evidentiary and two jury misconduct. We affirm the judgment.

Tasby robbed Florida Jones and her niece at gunpoint in their home. Items worth in excess of $200.00 were taken. Jones and her niece identified Tasby as the thief. Jones visited Tasby while he was incarcerated in the county jail, apparently in an attempt to locate her stolen property. After her visit she received an unsigned letter which requested her to sign a nonprosecution document or a statement of misidentification. Later, at the district attorney's request, she telephoned Tasby at the jail and he told her he wrote the letter.

The trial court permitted Jones to testify about the telephone conversation she had with Tasby. Tasby asserts that this constitutes a custodial interrogation and oral confession made in the absence of warnings under Tex.Code Crim.Proc.Ann. art. 38.22 (Vernon 1979). There is no evidence that Tasby's statement was the result of interrogation. Indeed, it shows that he made it voluntarily. Thus, it was admissible as a voluntary statement in custody not in response to interrogation, and Article 38.22 does not apply. *See Stevens v. State*, 671 S.W.2d 517 (Tex.Cr.App.1984) (not yet reported). Moreover, at trial, Tasby's attorney objected on different grounds

so he has failed to preserve his complaint for review. *Hightower v. State*, 629 S.W.2d 920 (Tex.Cr.App.1981); *Moulden v. State*, 576 S.W.2d 817 (Tex.Cr.App.1978); *Ex parte Bagley*, 509 S.W.2d 332 (Tex.Cr. App.1974).

Tasby also complains of the admission into evidence of a letter he allegedly wrote to Jones. He first asserts the State violated his discovery motion by failing to disclose the existence of the letter before trial. He filed a motion for discovery, but failed to get a ruling on it. He has waived any error. *Hanner v. State*, 572 S.W.2d 702 (Tex.Cr.App.1978). He next claims the State failed to lay a proper predicate for the introduction of the letter because the State did not prove who wrote it. Jones testified that Tasby told her he wrote the letter. The State then offered the letter. Jones' testimony was sufficient predicate for the introduction of the letter.

Tasby further contends the State did not comply with Tex.Code Crim.Proc. Ann. art. 38.22, § 1 (Vernon 1979) because the letter was unsigned and the State did not prove it was Tasby's handwriting. Article 38.22, § 1 is not applicable to this letter. That article applies to written confessions by the defendant. The letter is not a confession but is a request that Jones not cooperate in prosecuting the case.

Tasby argues the letter is inadmissible because he was "in jail, under arrest, and unwarned" when he wrote it. Again, no objection was made at trial, so the error is waived. Furthermore, the letter, even if inculpatory, was voluntary and not in response to interrogation and was admissible.

Tasby filed a bill of exceptions with the trial court alleging the jurors impermissibly discussed his failure to testify and how long he would serve before being paroled. He attached two unsworn questionnaires. One juror answered "no" to the question regarding his failure to testify and the other juror answered "yes." Both jurors answered "yes" to the question regarding length of service. The trial judge refused the bill on the ground that the question-

naires were unsworn and therefore not proper evidence and that the answers were in conflict.

 There was no motion for new trial which alleged juror misconduct. The point must have been raised in a motion for new trial. *Ables v. State*, 519 S.W.2d 464 (Tex. Cr.App.1975). Also, no juror affidavits were attached. A motion for new trial raising juror misconduct must be accompanied by a juror's affidavit or an explanation for its absence. *Bearden v. State*, 648 S.W.2d 688 (Tex.Cr.App.1983).

The judgment of the trial court is affirmed.