**David W. HENKE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–86–164–CR.**

Court of Appeals of Texas,
Corpus Christi.

April 16, 1987.

Roy Greenwood, Austin, Richard Manske, Manske & Manske, El Campo, for appellant.

Robert Bell, Dist. Atty., Edna, for appellee.

Before NYE, C.J., and KENNEDY and UTTER, JJ.

## OPINION

KENNEDY, Justice.

A jury convicted appellant for the offense of felony theft and the trial court assessed punishment at five years' imprisonment. Appellant, by his sole point of error, complains that the evidence is insufficient to show the requisite intent of the appellant. In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State,* 663 S.W.2d 455 (Tex.Crim. App.1984).

Appellant owned Henke Grain Company, which specialized in hauling grain. W.E. Reichardt, the complaining witness, contacted appellant about selling corn and milo to appellant. The terms of the verbal agreement were that appellant would take the corn and milo, to be sold at appellant's discretion either to a feeder or some other market, and then appellant would pay Reichardt upon receipt of the weight and grade certificates. The reason Reichardt was not to be paid until appellant received the weight certificates was that the weight of the grain determined the amount owed Reichardt. The verbal agreement merely provided that Reichardt receive $4.75 a hundred weight for his milo and $3.00 a bushel for his corn. At the time of contracting with Reichardt, appellant was experiencing growing debts with farmers because of a "cash flow" problem. After the Hallettsville flood of August 31, 1981, which destroyed many of appellant's business records, appellant incurred growing debts with farmers for crops he had purchased. Appellant blamed his cash flow

problems on the flood and the cessation of business he incurred for the two-week period following the flood.

Appellant first began purchasing corn and milo from Reichardt on October 29, 1981, and continued to do so until November 9, 1981. On November 13, 1981, appellant's bank accounts were frozen and his trucks were impounded pursuant to a court order arising out of a civil suit initiated by the Graves family. Appellant had purchased crops from the Graves family between August 17, 1981, and September 8, 1981, for which he owed them $178,393.78. This action effectively halted appellant's grain hauling business, and was a primary factor in appellant's eventual filing for bankruptcy. It is undisputed that appellant owed Reichardt $63,476.87 for corn and milo purchased from Reichardt.[1]

The issue in this case is whether the farmers are victims of a theft or merely unsecured creditors in a bankruptcy action. A person commits the offense of theft if he unlawfully appropriates property with the intent to deprive the owner of the property. Tex.Penal Code Ann. § 31.03(a) (Vernon Supp.1987). The appropriation of property is unlawful if it is without the owner's effective consent. Tex.Penal Code Ann. § 31.03(b) (Vernon Supp.1987). Consent is not effective if induced by deception, and deception includes:

> creating or confirming by words or conduct a false impression of law or fact that is likely to effect the judgment of another in the transaction and that the actor does not believe to be true;
> failing to correct a false impression of law or fact that is likely to effect the judgment of another in the transaction, that the actor previously created or confirmed by words or conduct, and that the actor does not now believe to be true;
> promising performance that is likely to effect the judgment of another in the transaction and that the actor does not intend to perform *or knows will not be*

*performed*, except that failure to perform the promise in issue without other evidence of intent or knowledge is not sufficient proof that the actor did not intend to perform or knew the promise would not be performed (emphasis ours). Tex.Penal Code Ann. § 31.01(2) (Vernon 1974).

Appellant testified that he knew he could not pay the farmers the money he owed them from the margins of profit that he was going to receive from the buying and selling of grain. Further, appellant admitted that, when he took Reichardt's grain, he knew he was in debt for at least $260,-000.00 with other farmers, and that he was going to be unable to pay Reichardt as contracted, that is, upon receipt of the weight and grade certificates. In fact, appellant stated in his grand jury testimony, which was also evidence at the trial, that, "I owed farmers probably a lot more money than I knew I could pay, or wasn't sure I could pay. And I was going to try to make some money in some sort of way."

Appellant's testimony is sufficient evidence to show that the property was obtained by deception, and that, once obtained, appellant had the intent to withhold the property from the owner for so extended a period of time that a major portion of the value or enjoyment of the property was lost to the owner. *See Noteware v. State*, 658 S.W.2d 681, 683 (Tex.App.—Dallas 1983, no pet.). In the instant case, the evidence not only shows that appellant failed to perform as contracted, but appellant's testimony also shows the intent with which he acted upon contracting with the farmers. *Cf. Wilson v. State*, 663 S.W.2d 834, 837 (Tex.Crim.App.1984); *Peterson v. State*, 645 S.W.2d 807, 811 (Tex.Crim.App. 1983); *Phillips v. State*, 640 S.W.2d 293, 294 (Tex.Crim.App.1982); *Cox v. State*, 658 S.W.2d 668, 671 (Tex.App.—Dallas 1983, pet. ref'd) (in each case, unlike the case at hand, the evidence merely showed a failure to perform as contracted, but contained no additional evidence of deceptive actions or

---

1. Further, five other farmers testified that appellant owed them money for crops. All five farmers dealt with appellant in the same time frame as the Reichardt transactions, and were also denied payment of the debts because of the eventual bankruptcy. Appellant does not deny the amount of the debts.

intent to deprive). We overrule appellant's point of error.

The judgment of the trial court is affirmed.