Thomas Hillman OLIPHANT,
Appellant,

v.

The STATE of Texas, Appellee.

No. 13–88–171–CR.

Court of Appeals of Texas,
Corpus Christi.

Jan. 19, 1989.
Discretionary Review Refused May 10, 1989.

J.E. Ramos, Jr., Corpus Christi, for appellant.

Carlos Valdez, Co. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction for driving while intoxicated. Tex.Rev.Civ. Stat.Ann. art. 6701*l*-1 (Vernon Supp.1989). A jury found appellant guilty and the court assessed punishment at thirty days in jail and a $500.00 fine. The court ordered the jail term to be probated for a two-year period and $200.00 of the fine to be suspended.

By five points of error, appellant complains that the evidence was insufficient and that the information was defective. We disagree and affirm the trial court's judgment.

■ Appellant complains that the information was defective in that it failed to allege the type of intoxicant singularly or in disjunctive combination, as required in *Garcia v. State*, 747 S.W.2d 379, 381 (Tex. Crim.App.1988). In *Garcia*, the Court of Criminal Appeals held that upon timely request the State must allege the type of intoxicant used in a prosecution for driving a motor vehicle in a public place while intoxicated.

The initial information alleged that appellant "did then and there while intoxicated, drive and operate a motor vehicle in a public place." Although two motions to quash were filed with the trial court prior to trial, the record fails to reflect a timely objection by the appellant that the intoxi-cant was not alleged. Tex.Code Crim.Proc. Ann. art. 1.14 (Vernon Supp.1989) requires that any objection to a defect of form or substance in an indictment or information must be expressed before the date on which the trial on the merits commences. Failure to timely object results in waiver and the objection cannot be raised on appeal. Accordingly, appellant's points one through four are overruled.

■ By his fifth point of error, appellant complains the evidence is insufficient to support the verdict. The evidence must show that appellant operated a motor vehicle in a public place while intoxicated. Tex.Rev.Civ.Stat.Ann. art. 6701*l*-1. The standard of review of the sufficiency of the evidence is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Johnson v. State*, 673 S.W.2d 190, 195 (Tex.Crim.App.1984); *Wilson v. State*, 654 S.W.2d 465, 471 (Tex.Crim.App.1983). The reviewing court must look at all the evidence in the light most favorable to the verdict or judgment. *Henke v. State*, 730 S.W.2d 117 (Tex.App.—Corpus Christi 1987, pet. ref'd).

Here, the evidence reflects that early one morning Officer Thebeau of the Corpus Christi Police Department observed appellant's vehicle stopped at a red light on a public roadway. Officer Thebeau noticed that approximately three-fourths or two-thirds of appellant's car was extending into the intersection while it was stopped. After the light turned green, appellant made a wide turn, coming extremely close to the curb. Appellant continued to drive but had trouble keeping the car in one lane. His car drifted in and out of his lane, sometimes a few feet outside the lane and sometimes a smaller distance approximately five times as Officer Thebeau observed him. On two occasions, when appellant's car swerved in the lane, it came unusually close to the curb.

Approximately a mile after the stop light, Officer Thebeau signalled appellant to stop. Appellant traveled approximately one block after being signalled to stop before coming to a halt. Officer Thebeau

approached the car and observed appellant in the driver's seat and a man and a dog in the passenger seat. Appellant's head was swaying while he was seated in the car. Officer Thebeau asked appellant to get out of the car. Appellant stumbled as he tried to get out. He leaned on the car for support as he walked to the rear of the car. Officer Thebeau noticed that there was a strong odor of alcoholic beverage on appellant's breath and that he had bloodshot eyes. After watching appellant for a few minutes and talking with him, Officer Thebeau arrested him for driving while intoxicated.

Officer Soliz arrived on the scene. He asked appellant if he had been drinking any alcoholic substance and appellant said he had been drinking earlier at a friend's house while he was shooting pool. Soliz also determined that appellant was intoxicated. He noticed a strong odor of intoxicating beverage, that appellant spoke in a slow, slurred manner, and that appellant was unsteady on his feet—he swerved when he walked to the patrol car. Officer Soliz transported appellant to the county jail. At the county jail, the appellant refused to take the intoxilyzer breath test and to be videotaped.

Officer Thebeau, the arresting officer, testified that in his opinion the appellant was intoxicated while he was driving on the public roadway. Officer Thebeau had nine and one-half years experience as a police officer at the time of trial, and had made several hundred arrests for driving while intoxicated or public intoxication. Similarly, Officer Soliz had four years' experience and had made approximately one-hundred arrests for driving while intoxicated or public intoxication, and he was of the opinion that appellant was intoxicated.

The defense brought forth witnesses who spoke or visited with appellant hours before the arrest, or hours after the arrest, who testified the appellant was not intoxicated when they contacted him. Appellant denied that he had been drinking that night and denied that he told the police officer he had been drinking. One of appellant's friends testified that he was visiting appellant approximately forty minutes before the arrest and appellant was not intoxicated. He said they left appellant's house at the same time in separate cars, after appellant got a phone call from a person who wanted a ride. A gas station owner on the corner of the intersection where appellant's car was allegedly protruding into the intersection, testified that standing at the point where Officer Thebeau testified he was when he observed appellant's car in the intersection, it would be hard to see the car in the intersection.

Appellant contends the evidence was insufficient because the police officer's testimony was inconsistent and controverted. The jury, being the judges of the facts and credibility of the witnesses, can choose to believe or not believe witnesses or any portion of their testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App.1986); *Barros v. State*, 661 S.W.2d 337, 340 (Tex. App.—Corpus Christi 1983, no pet.). The weight to be given the testimony as well as the resolution of conflicts in testimony are within the exclusive province of the jury as trier of fact. *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex.Crim.App.1981); *Reynolds v. State*, 744 S.W.2d 156, 159 (Tex.App.—Amarillo 1987, no pet.).

We find the evidence was sufficient to allow a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *See Young v. State*, 691 S.W.2d 757, 759 (Tex.App.—Texarkana 1985, no pet.). Appellant's points of error are overruled.

Judgment of the trial court is AFFIRMED.