Gerardo J. RODRIGUEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 13-87-433-CR.

Court of Appeals of Texas, Corpus Christi.

Feb. 16, 1989.

Joseph A. Connors, III, Robert F. Campbell, Frank Enriquez, McAllen, Ricardo Flores, Edinburg, for appellant.

Rene Guerra, Dist.Atty., Edinburg for appellee.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

A jury found Gerardo Rodriguez guilty of two counts of theft: the first count alleged theft of doors and the second count alleged theft of money of the value of more than $750.00 and less than $20,000.00. The court assessed punishment at five years' confinement at the Texas Department of Corrections and ordered restitution in the amount of $8,000.00.

Appellant's eighteen points of error concern the constitutionality of prosecution under the theft statute, the sufficiency of the evidence to support both the convictions, the propriety of the State's jury argument, the court's refusal to grant requested instructions in the jury charge, and the court's determination of the amount of the restitution.

It first becomes necessary to discuss our lack of jurisdiction to consider count two. This appeal is limited to count one of the indictment because we have no sentence applicable to count two. The judgment recites a single sentence for both counts of the indictment, contrary to Tex.Penal Code Ann. § 3.03 (Vernon 1974). As such, we are unable to determine from the record which count the sentence is applicable.[1]

■ When two offenses are alleged, but only one sentence is pronounced, contrary to section 3.03, and the appellate court is unable to tell which count the single sentence is for, the judgment and sentence are presumed to be applicable to the first count of the indictment. *Robinson v. State*, 553 S.W.2d 371, 372 (Tex.Crim.App.1977); *Penn v. State*, 632 S.W.2d 881 (Tex.App.—Houston [14th Dist.] 1982, no pet.).

Since there is no sentence applicable to the second count, the appeal relating to that count must be dismissed. When sentence is pronounced and entered by the trial court on the second count, an appeal may be taken from it. *Robinson*, 553 S.W.2d at 375.

The offense under count one of the indictment, theft by check, arose from the following facts.

In 1986, appellant, Gerardo Rodriguez, was president of Mid-Valley Investors, d/b/a Brofelco Construction Company. He was interested in purchasing some materials for a construction job. He gave a blank company check he had signed to an employee, Benny or Billy Scott, so Scott could fill in the amount and pay for an order of doors. Rodriguez sent Scott to Thomas Doors. Jimmy Thomas, owner of Thomas Doors, quoted a price on the doors. Scott then called appellant to verify that the price quoted was satisfactory. After the telephone conversation, Scott designated

---

1. The oral pronouncement said five years to run concurrently, but did not state which count the restitution was applicable. Only the victim of count two testified at the sentence hearing. The evidence at the guilt/innocence stage showed that $8,000.00 was due to the victim of count two, and $1,442.28 was due to the victim of count one. Yet when the judge pronounced the judgment, on the prosecutor's advice, he referred to two "theft by check" offenses. Only count one involved a theft by check type offense.

Thomas Doors as payee on the check, filled in the amount as $1,442.28, gave the check to Thomas, received the doors and left.

About a week after Thomas Doors deposited the check, the bank returned the check for insufficient funds. Rodriguez told Thomas to redeposit the check on the following Wednesday, at which time it would clear the bank. That Wednesday, Thomas tried to call Rodriguez but could not get in touch with him. Pursuant to Rodriguez' earlier instruction, Thomas presented the check to the bank for payment again, but the check did not clear the second time.

Thomas talked with Rodriguez several times on the telephone about the check to work out an arrangement for paying it out, but Rodriguez "kept putting Thomas off." After waiting for several weeks to try to work out an arrangement without success, Thomas took the matter to the police. Thomas Doors never received any money for the doors.

■ Appellant contends, by points of error eight through ten, that the evidence is insufficient. The standard for review of the sufficiency of the evidence is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Johnson v. State,* 673 S.W.2d 190, 195 (Tex.Crim.App.1984); *Wilson v. State,* 654 S.W.2d 465, 471 (Tex. Crim.App.1983). The reviewing court must look at all the evidence in the light most favorable to the verdict or judgment. *Henke v. State,* 730 S.W.2d 117 (Tex.App. —Corpus Christi 1987, pet. ref'd). Because a verdict of "guilty" necessarily means the jury found evidence of that on which it was authorized to convict, the sufficiency of the evidence is measured by the charge that was given. It follows that if evidence does not conform to the instruction given, it is insufficient as a matter of law to support the only verdict of "guilty" which was authorized. *Garrett v. State,* 749 S.W.2d 784, 788 (Tex.Crim.App.1986); *Boozer v. State,* 717 S.W.2d 608, 610–611 (Tex.Crim.App.1984).

Tex.Penal Code Ann. § 31.03 (Vernon Supp.1989) provides in part:

(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

(b) Appropriation of property is unlawful if:

(1) it is without the owner's effective consent;

Further, § 31.01 states:

(4) 'Effective consent' includes consent by a person legally authorized to act for the owner. Consent is not effective if:

(A) induced by deception or coercion;

(5) 'Appropriate' means:

(B) to acquire or otherwise exercise control over property other than real property.

Sec. 31.03 additionally provides:

(2) 'Deception' means:

(A) creating or confirming by words or conduct a false impression of law or fact that is likely to affect the judgment of another in the transaction....

The jury charge required the evidence to prove that at the time in question appellant "did unlawfully appropriate from Jimmy J. Thomas, the owner, three (3) door units and two (2) doors of the value of over $750.00 and under $20,000.00 without the effective consent of the owner, with intent to deprive said owner of said property, and that the value of said property was then and there over the value of $750.00 and under the value of $20,000.00 by then and there *issuing and passing a check* on the First National Bank of Weslaco, Texas, to the said Jimmy J. Thomas."

Rodriguez complains that the evidence was insufficient because it failed to show Rodriguez issued and passed the check to Jimmy J. Thomas. The State contends that the evidence was sufficient because it showed that one of Rodriguez's employees acquired the property in question by filling in a company check already containing Rodriguez's signature at Rodriguez's direction. The State refers us to cases which espouse the legal principle that a taking by an accused who fraudulently procures a person, innocent of any fraudulent intent, to take property for him is a taking through an innocent agent, and that a taking by an innocent agent is a taking by the

accused. *Maxwell v. State*, 509 S.W.2d 338, 341 (Tex.Crim.App.1974); *Hefner v. State*, 735 S.W.2d 608, 615 (Tex.App.—Dallas 1987, pet. ref'd). This legal principle is incorporated in our Penal Code as follows:

A person is criminally responsible for an offense committed by the conduct of another if: (1) acting with the kind of culpability required for the offense, he causes or aids an innocent or nonresponsible person to engage in conduct prohibited by the definition of the offense.

Tex.Penal Code Ann. § 7.02(a)(1) (Vernon 1974). In such a situation the person is criminally responsible *as a party* to an offense since the offense is committed by *both* his conduct and the conduct of another for which he is criminally responsible. Tex.Penal Code Ann. § 7.01(a) (Vernon 1974). *See Holder v. State*, 643 S.W.2d 718 (Tex.Crim.App.1983); *Landry v. State*, 653 S.W.2d 28 (Tex.Crim.App.1983); *Jacquez v. State*, 579 S.W.2d 247 (Tex.Crim.App.1979).

■ We agree that the evidence would support a conviction on the theory that appellant was a party to the offense; however, the court did not charge the jury on the theory of parties. In a jury trial, the State cannot rely on theories not contained in the jury charge to support fact findings. *See, e.g., Ex parte Klasing*, 738 S.W.2d 648, 650 (Tex.Crim.App.1987); *Conaway v. State*, 738 S.W.2d 692, 694–95 (Tex.Crim.App.1987); *Garrett v. State*, 749 S.W.2d 784 (Tex.Crim.App.1986) (evidence was insufficient because conviction could only stand on theory of transferred intent, yet there was no instruction on transferred intent); *Ortega v. State*, 668 S.W.2d 701, 707 (Tex.Crim.App.1983).

■ Since the law of parties was not in the charge, the State was required to prove that appellant, as a primary actor, was guilty. *See Johnson v. State*, 739 S.W.2d 299, 304 (Tex.Crim.App.1987). We find that the evidence of the conduct of appellant, in and of itself, is not sufficient to sustain the conviction.

■ Rodriguez also complains the evidence was insufficient because the charge required that the jury find that at the time of making and delivering the check, Rodri-guez did not have sufficient funds "in or on deposit with the bank for that check as well as all other checks then outstanding." Although the evidence proved that at the time the check was presented for payment to the bank there were insufficient funds, the evidence failed to prove that at the time Rodriguez wrote the check there were insufficient funds as required by the jury charge. At trial, there was no evidence presented regarding the funds in the bank at the time the check was made and delivered. Appellant's points of error eight and nine are sustained. Because our decision on these points controls the disposition of the case, it is unnecessary to rule on appellant's other points pertaining to count one.

The judgment of the trial court is REVERSED and the cause is REMANDED to the trial court for entry of a judgment of acquittal as to count one, and dismissed as to count two.