**Danny Ray CLINE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–88–042–CR.**

Court of Appeals of Texas, Texarkana.

April 18, 1989.

Rehearing Denied May 9, 1989.

Harry R. Heard, Longview, for appellant.

William K. Gleason, Dist. Atty.'s Office, Longview, for appellee.

CORNELIUS, Chief Justice.

Danny Ray Cline was indicted on two counts of arson, for burning a truck and a house, arising out of a single criminal episode. The jury convicted him on both counts and assessed his punishment, en-

hanced by reason of prior convictions, at seventy years' confinement.

Cline first contends that his constitutional right to represent himself on appeal was denied. He did not request self-representation at trial.

■ A defendant has a constitutional right to represent himself if he is made aware of the dangers and disadvantages of self-representation and the record clearly demonstrates that he knows what he is doing and that his choice has been intelligently made. *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed. 2d 562 (1975); *Johnson v. State*, 760 S.W.2d 277 (Tex.Crim.App.1988); *Martin v. State*, 630 S.W.2d 952 (Tex.Crim.App. 1982).[1]

At the sentencing hearing Cline asked the judge for permission to represent himself on appeal. The judge questioned Cline about his experience and his knowledge of legal matters and advised him of the dangers of self-representation. The judge concluded that Cline should have appointed counsel, and then appointed counsel to fully represent Cline on appeal on an advisory basis.

■ Although a defendant has no right to hybrid representation, *Rudd v. State*, 616 S.W.2d 623 (Tex.Crim.App. [Panel Op.] 1981), both Cline and his appointed counsel have fully participated in the presentation of this appeal. Both have filed briefs. Thus, Cline has been afforded his right to self-representation, and no harm has been demonstrated. *Maddox v. State*, 613 S.W.2d 275, 286 (Tex.Crim.App. [Panel Op.] 1981) (opinion on motion for rehearing). Cline cannot now complain about having both the benefits of counsel and the full exercise of his right of self-representation.

■ Cline also contends that the court committed reversible error by permitting his wife to testify against him at the trial. At the time of trial, the then recently adopted Tex.R.Crim.Evid. 504 controlled

this issue. Rule 504 contains two distinct sections which apply to spousal testimony. Section (1) grants the privilege to refuse or prevent the disclosure of confidential communications by one spouse to the other; Section (2) provides that a spouse has the privilege not to testify against the other spouse, but may voluntarily testify for the State. Cline's wife testified voluntarily; thus, she was a competent witness. Section (1) of Rule 504 did not apply because Cline only objected to allowing his wife to testify at all. He did not object to the substance of her testimony. Error has not been preserved. *Powell v. State*, 742 S.W.2d 353 (Tex.Crim.App.1987).

■ Cline next asserts that the trial court erred in submitting a single jury charge on punishment. Rather than separate the two offenses that made up the criminal episode (arson of a habitation and a vehicle), the charge instructed the jury that they should assess punishment for *the offense of arson as charged in the indictment.* The various forms for the verdict allowed for a finding of only one punishment for the entire episode.

Tex.Penal Code Ann. § 3.02 (Vernon 1974) provides that a defendant may be prosecuted in a single criminal action for all offenses arising out of the same criminal episode. Joinder of offenses arising out of such a criminal episode, alleging each in a separate count of the indictment, is authorized by Tex.Code Crim.Proc.Ann. art. 21.24(a) (Vernon Supp.1989). The sentences are to run concurrently. The purpose of these statutes is to promote convenience and efficiency, permitting a single trial on the joint counts, and treating the separate offenses as one for punishment purposes. The benefit to the defendant is concurrent sentencing on the multiple offenses. *Haliburton v. State*, 578 S.W.2d 726, 729 (Tex.Crim.App. [Panel Op.] 1979); Tex.Code Crim.Proc.Ann. art. 37.07, § (2)(c) (Vernon 1981). However, Article 37.07, § 2(c) and Tex.Penal Code Ann. § 3.03 (Vernon 1974) mandate that when the ac-

---

1. The State may, however—even over the defendant's objection—appoint standby counsel to aid the defendant at his request or in the event his self-representation may need to be terminated. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

cused is found guilty of more than one offense arising out of a criminal episode, punishment shall be assessed *on each count,* and *sentence for each offense* for which he has been found guilty shall be pronounced. Submitting only one verdict for punishment was erroneous.

Our review of the error in the charge is governed by *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1984), and Tex.Code Crim.Proc.Ann. art. 36.19 (Vernon 1981). Cline did not object to the charge as given; thus, we must reverse only if egregious harm resulted.

■ We conclude that egregious harm did result. Although Cline has produced no direct evidence of harm, the fact that the jury assessed only one punishment for the two offenses indicates that Cline was deprived of the right to have the punishments run concurrently. It is possible that the jury combined two thirty-five year punishments into the one verdict. If they intended to assess thirty-five years on each count, Cline would only be required to serve thirty-five years, in any event, with the sentences running concurrently; whereas, with one sentence of seventy years the maximum time he could be required to serve is seventy years. We therefore will remand this portion of the case to the district court for a new trial on punishment. Tex.Code Crim.Proc.Ann. art. 44.29(b) (Vernon Supp.1989).

■ Cline further contends that the failure of the court to provide him a statement of facts from his previous trial for this offense was reversible error. The record does not show that a ruling was made on Cline's motion in this regard. Any error has been waived by the failure to obtain a ruling. *Hanner v. State,* 572 S.W.2d 702 (Tex.Crim.App.1978); *Tasby v. State,* 679 S.W.2d 78 (Tex.App.—Texarkana 1984, no pet.). Additionally, Cline has not shown that he was harmed. The record shows that the previous testimony complained about was available to Cline and was used by his counsel in examining the witnesses at the instant trial. *Ex parte Ramirez,* 577 S.W.2d 261, 264 (Tex.Crim.App. [Panel Op.] 1979); *James v. State,* 546 S.W.2d 306, 312 (Tex.Crim.App.1977).

■ Cline next argues that the court erred in "changing the indictment" between the time of voir dire of the jury and the trial. Cline had been indicted for arson of a habitation in Cause No. 16,092–A. He was also indicted in Cause No. 16,318–A for the criminal episode involving arson of a habitation and a vehicle. The case was called on the indictment in Cause No. 16,-092–A, but the attorneys each questioned the jury panel on the basis of both offenses in the criminal episode. Immediately before trial, the court was informed of the mistake in cause numbers. Cline requested that a new panel be drawn so that he could be tried for the single offense by a jury which had not been made aware that two offenses had been charged. The trial judge stated that the jury had been selected, and instead gave Cline the option to select which indictment he wanted to be tried on. Cline chose to be tried on the criminal episode indictment.

The State had two valid indictments and could have prosecuted either one. Cline had no right to be tried on one indictment in preference over the other, and it is clear from the voir dire of the jury panel that he intended to be tried on the criminal episode charge. Although the manner in which this event was handled was less than ideal, under the circumstances we fail to perceive any harm to Cline because of it.

Cline also asserts that the trial court erred by failing to hold a pretrial hearing. Tex.Code Crim.Proc.Ann. art. 28.01 (Vernon Supp.1989) does not mandate that a pretrial hearing be conducted. Rather, it allows the trial court, in its discretion, to hold such a hearing. The record does not indicate any abuse of the trial court's discretion in this matter. *Hicks v. State,* 508 S.W.2d 400 (Tex.Crim.App.1974).

Cline also argues in two points of error that the indictment was "not legal tender." We do not understand the relevance of "legal tender" to a challenge to an indictment. Apparently, from the arguments under these two points, Cline is contending that the indictment is void, and that his

right to a speedy trial was violated under Tex.Code Crim.Proc.Ann. art. 32A.02 (Vernon Supp.1989).

The indictment states an offense and is not void. The Speedy Trial Act has now been held unconstitutional, and it provides no relief to any party. *Meshell v. State*, 739 S.W.2d 246 (Tex.Crim.App.1987); Tex. Code Crim.Proc.Ann. art. 32A.02.

■ Cline has filed a pro se brief in which he advances several other grounds of error. He first contends that he was denied effective assistance of counsel at the trial. In determining this issue, we must look at the trial as a whole and not merely at isolated incidents. The effectiveness of counsel is to be judged by the single standard of reasonably effective assistance. In reviewing claims of this type, we apply the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). That test requires that an accused show that his counsel's representation fell below an objective standard of reasonableness, and that the deficient performance prejudiced his defense. *Hernandez v. State*, 726 S.W. 2d 53 (Tex.Crim.App.1986).

Our examination of the trial record reveals that counsel made various pretrial motions, contrary to Cline's assertion here, and that previous counsel had also filed a number of pretrial motions. Trial counsel extensively cross-examined several of the State's witnesses and called one witness on rebuttal. He made numerous trial objections and vigorously pursued a fair trial for Cline. Our review of the total representation at trial level indicates that Cline received reasonably effective assistance of counsel.

Cline also contends in his pro se brief that there was a harmful variance between the indictment and the jury charge at the guilt/innocence stage of the trial. The indictment charged that Cline acted to "intentionally start a fire *and* cause an explosion ... (emphasis added)." The charge correctly quotes the statute defining arson as occurring when a defendant "starts a fire *or* causes an explosion ... (emphasis added)." Tex.Penal Code Ann. § 28.02(a)

(Vernon 1989). This conjunctive/disjunctive system of pleading and charging has been sanctioned by our Court of Criminal Appeals. *Robinson v. State*, 596 S.W.2d 130, 134 (Tex.Crim.App.1980); *Cowan v. State*, 562 S.W.2d 236, 240 (Tex.Crim.App. [Panel Op.] 1978). No error is shown.

Cline also contends in his pro se brief that the trial court erred in admitting evidence of additional prior convictions when the punishment phase of the trial was being held. He argues that the State violated a discovery order by failing to provide him with copies of the exhibits used to prove final convictions in addition to the two felony convictions specifically alleged in the indictment.

■ The State may prove convictions at the punishment stage of the trial in addition to those alleged in the indictment. *Martinez v. State*, 469 S.W.2d 185, 187 (Tex.Crim.App.1971). Cline's original trial counsel had filed a motion for discovery which included a request for the defendant's prior criminal record. The record does not reflect a ruling by the trial court on either this motion or the later pro se motion specifically requesting the information. As no ruling was obtained on the motion, no error is preserved. Additionally, Cline could not have been harmed by this omission, as he was aware of the requested information. *Ex parte Ramirez*, supra.

Finally, Cline argues that the evidence is insufficient to support the conviction. In reviewing an insufficient evidence contention, we determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Gardner v. State*, 699 S.W.2d 831, 836 (Tex.Crim.App. 1985). The standard of review is the same for direct and circumstantial evidence cases. *Denby v. State*, 654 S.W.2d 457, 464 (Tex.Crim.App. [Panel Op.] 1983).

■ In this case, there is evidence that Cline was at the house immediately before

the fire and that most of his clothes were in a nearby camper. His wife testified that he had threatened to burn her up in the house if she left him, and that she left the house with her children at about 5:30 on the afternoon of the fire. Arson investigators called by the State testified that they believed the fire was started by an open flame and that there was no indication of any external cause such as an electrical short circuit. The fire apparently started in a dried flower arrangement in the bedroom of the home.

Cline's sister testified that on the night of the fire she, her husband, and Cline went to the house at about 9:30 p.m. and that they stayed there for about a quarter of an hour. The fire captain testified that he arrived at the fire at 10:18, and the arson investigators testified that the fire had been burning at least fifteen to twenty minutes before it was extinguished.

Cline's wife also testified that shortly after the house fire she was staying with a friend when Cline telephoned her and that he told her to "step outside and smell what's burning." When she stepped outside several minutes later, she found her friend's pickup truck ablaze and saw Cline standing in the woods nearby.

Reviewing the entire record, we find the evidence sufficient to support the verdict.

For the reasons stated, the judgment is reversed as to punishment only, and the cause is remanded to the trial court for a new punishment hearing pursuant to Tex. Code Crim.Proc.Ann. art. 44.29(b).