**Mark KELLEY, a/k/a Mark S. Kelley, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 13–91–488–CR, 13–91–489–CR, 13–91–499–CR and 13–91–500–CR.**

Court of Appeals of Texas, Corpus Christi.

Nov. 6, 1992.

Rehearing Overruled Dec. 3, 1992.

Ricardo Flores, Edinburg, for appellant.

Rene Guerra, Dist. Atty., Theodore C. Hake, Cynthia M. Villanueva, Asst. Dist. Attys., Edinburg, for appellee.

Before FEDERICO G. HINOJOSA, Jr., KENNEDY, and SEERDEN, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

Mark Kelley was charged in two indictments with four counts of aggravated robbery. The trial court granted the State's motion to consolidate both causes. A jury found Kelley guilty of all four counts. The jury assessed punishment in each case, Cause No. CR–629–90–F and Cause No. CR–636–90–F, at 55 years in prison. The trial court sentenced Kelley to 55 years in prison for each count with the sentences running concurrently. By six points of error, Kelley complains that the trial court erred by shackling him during the trial, by overruling his motion for new trial, and by submitting a single punishment verdict form to the jury in each cause. We affirm the trial court's judgments.

Since appellant does not challenge the sufficiency of the evidence, we will only provide a brief recitation of the facts. On March 26, 1990, appellant and an accomplice went to the home of the four victims, a married couple and the woman's two minor children. Appellant and his accomplice threatened the victims with a shotgun the robbers brought and with another firearm they found in the house. They restrained the victims and took over $1,000 cash, a credit card, a watch, four rings, a camera, a magnifying lens, the firearm, and two hunting knives. The daughter recognized appellant and later told her parents who had robbed them.

■ By his first three points, appellant complains that the trial court erred by shackling him during trial over his objection. He argues that jurors saw the shackles and that the record shows he was harmed because the jury sent a note to the judge indicating they feared for their safety. He further contends that the trial court failed to demonstrate any need for the restraints.

■ Requiring a defendant to wear shackles or handcuffs before the jury infringes his constitutionally guaranteed presumption of innocence. *Long v. State*, 823 S.W.2d 259, 282 (Tex.Crim.App.1991), *cert.*

*denied*, —— U.S. ——, 112 S.Ct. 3042, 120 L.Ed.2d 910 (1992); *Lucas v. State*, 791 S.W.2d 35, 54 (Tex.Crim.App.1989); *Marquez v. State*, 725 S.W.2d 217, 227 (Tex. Crim.App.1987); *Clark v. State*, 717 S.W.2d 910, 918 (Tex.Crim.App.1986). The trial court should exert all efforts to prevent the jury from seeing the defendant in shackles. *Long*, 823 S.W.2d at 282; *Lucas*, 791 S.W.2d at 54; *Clark*, 717 S.W.2d at 919. The trial court may order the defendant restrained if it finds a "manifest need" for or "exceptional circumstances" requiring the restraints. *Long*, 823 S.W.2d at 282; *Clark*, 717 S.W.2d at 919. A momentary, inadvertent, and fortuitous encounter between a juror and a shackled defendant away from the courtroom does not necessarily call for mistrial or reversal. *Long*, 823 S.W.2d at 282; *Lucas*, 791 S.W.2d at 54; *Clark*, 717 S.W.2d at 919.

■ We review the propriety of shackling a defendant during trial under an abuse of discretion standard. *Long*, 823 S.W.2d at 282; *Jacobs v. State*, 787 S.W.2d 397, 407 (Tex.Crim.App.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 231, 112 L.Ed.2d 185 (1991); *Marquez*, 725 S.W.2d at 227. The trial court must have specific reasons for shackling the defendant and must provide a record that contains facts supporting those reasons. *Long*, 823 S.W.2d at 282; *Jacobs*, 787 S.W.2d at 407; *Marquez*, 725 S.W.2d at 227.

■ The State argues that appellant failed to preserve error by failing to request an instruction to disregard the shackles, citing *Swanson v. State*, 722 S.W.2d 158, 163 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd); *Prejean v. State*, 704 S.W.2d 119, 124 (Tex.App.—Houston [1st Dist.] 1986, no pet.); *Lyons v. State*, 668 S.W.2d 767, 769 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd). We find those cases distinguishable, for in each case, the jury saw the defendant handcuffed or otherwise restrained only in transport to or from the courtroom or during recess; the juries in those cases did not see the defendant restrained in the courtroom during the trial. *Swanson*, 722 S.W.2d at 163; *Preje-*

*an,* 704 S.W.2d at 124; *Lyons,* 668 S.W.2d at 769.

Before the hearing on appellant's motion for new trial, appellant did not have sufficient cause to believe that any of the jurors had seen his shackles. While he was shackled, appellant never encountered the jury in such a manner that his restraints were obviously revealed, and the record does not show that the jury made any overt sign that it could see the restraints. During deliberations, the jury sent a note to the court in which they indicated concern for their safety, but the note did not explicitly refer to the shackles. Two jurors testified at appellant's motion for new trial. Both jurors testified that the jury feared for their safety only because appellant's relatives continually watched the jurors entering and leaving the courtroom and the courthouse. Neither juror saw appellant shackled, but both testified that, during deliberations, one or two other jurors stated that they had seen the defendant's shackles as they walked to and from the jury box, despite the fact that the shackles were not visible from the jury box.

Appellant had no objective evidence that the jury saw his shackles until the hearing on his motion for new trial. If we were to hold that the *Swanson* rule applies in this case, we would place appellant in the awkward position of having to choose either to reveal his restraints to a jury which might not have seen them or to waive error if the jury did. We decline to place this burden on appellant and will address appellant's points on the merits.

The trial court found appellant attempted to hide evidence during the trial. The record shows that after the trial court dismissed the jury for the day, appellant went to the evidence table, picked up a folder containing a photo line-up that had been admitted into evidence, and tucked the folder inside his jacket. The bailiff entered the courtroom, saw appellant hiding the folder, and took the folder away from appellant. The trial court conducted a hearing outside the presence of the jury, heard this evidence, and found appellant in contempt of court. The trial court then ordered appellant shackled during the rest of the trial. Appellant objected to the shackles at the end of the following day's testimony. The trial court conducted a second hearing outside the jury's presence, heard the same evidence, and found that appellant was dangerous and likely to conceal evidence if given the opportunity and that the available personnel were inadequate to protect the physical evidence.

The record contains evidence supporting the trial court's stated, specific reasons for shackling the defendant. We cannot say that the trial court abused its discretion by shackling the defendant to protect physical evidence located in the courtroom. We overrule appellant's first three points of error.

By his fourth point, appellant complains that the trial court erred in overruling his motion for new trial. He argues that the jury discussed parole laws. The State contends that appellant failed to attach a juror's affidavit or an excuse for the failure, that the pleading was thus insufficient, and the trial court could not have erred by overruling the motion. The State also argues that the evidence failed to meet the elements of the *Sneed* test.

A motion for new trial which alleges jury misconduct must be supported by the affidavit of a juror or some other person who was in a position to know the facts, or must state some reason or excuse for failing to produce the affidavit. *McIntire v. State,* 698 S.W.2d 652, 658 (Tex. Crim.App.1985); *Kiser v. State,* 788 S.W.2d 909, 915 (Tex.App.—Dallas 1990, pet. ref'd); *Baldonado v. State,* 745 S.W.2d 491, 493 (Tex.App.—Corpus Christi 1988, pet. ref'd). The State, however, did not object to the trial court's decision to hear the motion for new trial and may not now attack the sufficiency of the pleading.

For a defendant to prevail on a motion for new trial based on jury discussion of parole laws, the defendant must show 1) a misstatement of the law, 2) asserted as a fact, 3) by one professing to know the law, 4) which is relied upon by other jurors, 5) who for that reason changed their vote to a harsher punishment. *Buentello v. State,* 826 S.W.2d 610,

611 (Tex.Crim.App.1992); *Sneed v. State,* 670 S.W.2d 262, 266 (Tex.Crim.App.1984). The trial judge finds facts at a hearing on a motion for new trial, and we will not disturb those findings unless we find he abused his discretion. *Tollett v. State,* 799 S.W.2d 256, 259 (Tex.Crim.App.1990).

Appellant offered a note the jury sent to the trial court. The note stated:

Judge,

One year in a state institution—would be equal to how much time in our time, as a free individual?

[Presiding Juror]

The trial court responded that this issue was not within the discretion of the jury or the trial court and that the jury was not to consider the issue for any purpose. Two jurors testified that another juror told them during deliberations that he had heard that people go to prison for less time than they were sentenced. Both jurors testified that the jury sent the note to the trial court because the juror who raised the issue did not know what percentage of sentence time appellant would serve.

Appellant has failed to meet the elements of the *Sneed* test. He has shown no misstatement of the law, no juror changing his vote to a harsher punishment, no juror professing to know the law, no assertion of fact, and no reliance. We cannot say the trial judge abused his discretion by denying the motion for new trial. We overrule appellant's fourth point of error.

■■■■ By his fifth and sixth points of error, appellant complains that the trial court erred by submitting a single punishment verdict form in each cause instead of instructing the jury to assess punishment for each count of aggravated robbery. He argues that TEX. CODE CRIM.PROC.ANN. art. 37.07 § 2(c) (Vernon 1981) requires separate punishments for each count. The State, relying on *Rodriguez v. State,* 767 S.W.2d 817, 818 (Tex.App.—Corpus Christi 1989, no pet.), argues that when the trial court pronounces a single sentence after a guilty finding under a multiple count indictment, the reviewing court must presume that the sentence applies to the lower-numbered count of the indictment and must

dismiss the appeal relative to the other counts.

The State's reliance on *Rodriguez* is misplaced, for it does not address charge error. In *Rodriguez,* we found the trial court erred by assessing punishment and pronouncing a single sentence after a jury found the defendant guilty under a multiple count indictment. *Id.* In the present case, the trial court pronounced four sentences of 55 years' confinement, one sentence for each count of the indictments. We, therefore, have four final sentences to review. We need dismiss no appeals, and we must address appellant's contention that the trial court erred by submitting only two verdict forms on punishment to a jury that found appellant guilty of four counts of aggravated robbery.

A defendant may be prosecuted in a single criminal action for all offenses arising from a single criminal episode. TEX.PENAL CODE ANN. § 3.02 (Vernon 1974). When the accused is found guilty of more than one offense arising from the same criminal episode prosecuted in a single criminal action, the trial court shall pronounce sentence for each offense for which he has been found guilty, and the sentences shall run concurrently. TEX.PENAL CODE ANN. § 3.03 (Vernon 1974). Punishment shall be assessed on each count on which a finding of guilty has been returned. TEX.CODE CRIM.PROC. ANN. art. 37.07 § 2(c). A trial court errs by submitting only one verdict form for punishment when the jury must assess punishment for multiple counts. *Cline v. State,* 770 S.W.2d 844, 847 (Tex.App.—Texarkana 1989, no pet.).

The same rules govern charge procedure in both guilt and punishment phases. TEX. CODE CRIM.PROC.ANN. art. 37.07 § 3(b) (Vernon 1981). A defendant must present written objections to the charge to the trial court. TEX. CODE CRIM.PROC.ANN. art. 36.14 (Vernon 1981). If the defendant fails to properly object, then he must show a reviewing court that a "fundamental" error was so egregious that he "has not had a fair and impartial trial." *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App. 1984) (opinion on rehearing). We must as-

say the actual degree of harm in light of the entire jury charge, the state of the evidence, the argument of counsel, and any other relevant information the record reveals. *Id.* Since appellant did not object to the charge at trial, we apply the egregious harm standard of *Almanza.*

The trial court instructed the jury that when an accused is found guilty of more than one offense arising from the same criminal episode, sentence for each offense for which he has been found guilty shall be pronounced. It also instructed the jury that such sentences shall run concurrently. The State produced evidence that appellant had prior felony convictions for burglary of a habitation and criminal mischief. The State argued:

> Let me start off this way: You have two charges, two separate cases. In each case there is [sic] two victims, two victims here, two victims there, four victims. Whatever you assess in time here, whatever—for example, you say 50 years. Let's say 50 years. And you say 50 years over here. It's going to be 50 years. It's not going to be a hundred years.

Defense counsel argued that appellant injured no one during the robbery, and the evidence showed that no one was physically injured. The jury found appellant guilty of two counts of aggravated robbery in Cause No. CR-629-90-F, count one alleging theft from a woman while threatening her with a firearm and count two alleging theft from her husband while threatening him with a firearm. The jury also found appellant guilty of two counts of aggravated robbery in Cause No. CR-636-90-F, count one alleging theft from the woman while threatening her daughter with a firearm and count two alleging theft from the woman while threatening her son with a firearm.

In *Cline,* the Sixth Court of Appeals found that egregious harm resulted, without analyzing the evidence or argument of counsel, stating:

> The purpose of these statutes is to promote convenience and efficiency, permitting a single trial on the joint counts, and treating the separate offenses as one for punishment purposes. The benefit to the defendant is concurrent sentencing on the multiple offenses ... [The statutes] mandate that when the accused is found guilty of more than one offense arising out of a criminal episode, punishment shall be assessed *on each count,* and *sentence for each offense* for which he has been found guilty shall be pronounced....
>
> We conclude egregious harm did result. Although Cline has produced no direct evidence of harm, the fact that the jury assessed only one punishment for the two offenses indicates that Cline was deprived of the right to have the punishments run concurrently. It is possible that the jury combined two thirty-five year punishments into the one [seventy-year] verdict. (Citations omitted. Emphasis in original.)

*Cline,* 770 S.W.2d at 847.

No charge error requires automatic reversal; the reviewing court must examine each case individually. *Almanza,* 686 S.W.2d at 174. The instant case differs from *Cline* in a major respect. In *Cline,* the trial court provided only one punishment form for two counts of arson and instructed the jury that it should assess punishment for the offense of arson as charged in the indictment. In this case, the trial court provided two punishment forms for four counts of aggravated robbery and instructed the jury that sentences would run concurrently. The jury then assessed equal punishments on each verdict form, thus indicating an intent to assess a fifty-five year sentence.

The State's argument in this case both ameliorates and exacerbates the charge error. The State underscored the error when it argued that each verdict form asked the jury to look at two victims and two crimes. The State limited the error's effect when it told the jury that the sentences would run concurrently. The trial court also correctly instructed the jury that the sentences would run concurrently. The jury may have considered the entire criminal episode in assessing punishment, decided that 55 years was appropriate, and assessed 55 years in each case. Under this reasoning, it is probable that the jury would have

assessed four 55–year punishments, given the opportunity. The likelihood that the jury calculated punishments for each count of each indictment, improperly added the punishments together, and coincidentally arrived at combined punishments which equalled each other is too remote for us to conclude egregious harm resulted from the trial court's error.

We conclude the trial court's error possibly injured the rights of appellant, but it failed to create such harm that he "has not had a fair and impartial trial." We overrule appellant's fifth and sixth points of error.

We AFFIRM the trial court's judgments.