11th Court of Appeals
Eastland, Texas
Opinion
 
David Frank Morgan
            Appellant
Vs.                  No. 11-04-00133-CR -- Appeal from Howard County 
State of Texas
            Appellee
 
            The jury convicted David Frank Morgan of the felony offense of driving while intoxicated
and assessed punishment at 15 years confinement. We affirm.
             On the morning of August 24, 2002, appellant was pulled over by Officer Will Miller of the
Big Spring Police Department for running a stop sign. Upon contacting appellant, the officer
smelled a strong odor of alcohol on appellant’s breath. The officer asked appellant if he had been
drinking, and appellant said that he had had “one or two” drinks. After that, the officer performed
field sobriety tests on appellant. The first test was the one-legged stand. Appellant had difficulty
maintaining his balance, and he failed the test. The second test was the walk-and-turn. After again
struggling to maintain his balance, appellant refused to complete the test. Based on his observations,
the officer determined that appellant was intoxicated and placed him under arrest. Another officer
then arrived at the scene with a battery-operated instrument that tests for the presence of alcohol in
the breath. The instrument confirmed that there was alcohol present in appellant’s breath. Officer
Miller transported appellant to the police department and, once there, asked appellant to give a breath
specimen for the breath intoxilyzer. Appellant refused.
            In his sole issue on appeal, appellant contests the factual sufficiency of his conviction. In
order to determine if the evidence is factually sufficient, we must review all of the evidence in a
neutral light and determine whether the evidence supporting guilt is so weak that the verdict is
clearly wrong and manifestly unjust or whether the evidence contrary to the verdict is so strong that
the beyond-a-reasonable-doubt burden of proof could not have been met. Zuniga v. State, 144
S.W.3d 477, 481 (Tex.Cr.App.2004); Ross v. State, 133 S.W.3d 618 (Tex.Cr.App.2004); Vasquez
v. State, 67 S.W.3d 229, 236 (Tex.Cr.App.2002); Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997);
Clewis v. State, 922 S.W.2d 126 (Tex.Cr.App.1996).
            To support appellant’s conviction for felony DWI, the State was required to show that
appellant operated a motor vehicle in a public place while intoxicated and that appellant had two
previous convictions for DWI. TEX. PEN. CODE ANN. §§ 49.04(a) & 49.09(b)(2) (Vernon 2003
& Supp. 2004 - 2005). Appellant stipulated to the two prior DWI convictions, and there was
undisputed testimony that appellant was operating a motor vehicle in a public place. The only
element appellant contests is intoxication.
            The testimony of Officer Miller provides sufficient evidence of appellant’s intoxication. The
officer detected a strong odor of alcohol on appellant’s breath. The officer observed appellant fail
two field sobriety tests. Appellant admitted to the officer that he had consumed alcohol prior to his
arrest, and the results of the portable breath test confirmed the presence of alcohol on appellant’s
breath. Furthermore, at the police station, appellant refused to provide the officer with a specimen
of his breath for the intoxilyzer. Appellant’s refusal to take the intoxilyzer test implies he believed
he would fail it because he thought he was intoxicated. See Gaddis v. State, 753 S.W.2d 396, 399
(Tex.Cr.App.1988); Thomas v. State, 990 S.W.2d 858, 860 (Tex.App. - Dallas 1999, no pet’n). 
Based on these facts, Officer Miller testified that, in his opinion, appellant was intoxicated. Opinion
testimony by the arresting officer is, without more, sufficient to prove appellant’s intoxication. See,
e.g., Tutt v. State, 940 S.W.2d 114, 123 (Tex.App. - Tyler 1996, pet’n ref’d); Oliphant v. State, 764
S.W.2d 858, 860 (Tex.App. - Corpus Christi 1989, pet’n ref’d).
            Appellant contends, however, that “[v]irtually every aspect of Officer Miller’s testimony was
rebutted by defense witnesses.” We disagree. Appellant’s father, wife, and friend each testified that
they did not believe appellant was intoxicated. This belief, however, is not enough evidence to
discredit the observations of the police officer. The fact finder is the sole judge of the credibility of
the witnesses and of the weight to be given their testimony. Penagraph v. State, 623 S.W.2d 341,
343 (Tex.Cr.App.1981); see also TEX. CODE CRIM. PRO. ANN. arts. 36.13 & 38.04 (Vernon 1979
& 1981). One theory of the facts may be accepted by the jury, while another is rejected. See Pizano
v. State, 489 S.W.2d 284, 285 (Tex.Cr.App.1973). The jury was presented with conflicting evidence
and could accept or reject reasonably competing theories of the case. Goodman v. State, 66 S.W.3d
283, 287 (Tex.Cr.App.2001). There is nothing in the record to suggest that the jury’s decision to
accept the testimony of the police officer and reject the testimony of appellant’s witnesses was
irrational. Viewing the evidence in a neutral light, we find that the proof of appellant’s guilt is not
so obviously weak as to undermine our confidence in the jury’s verdict and that the evidence to the
contrary is not so strong that the State’s burden of proof could not have been met. Appellant’s sole
issue is overruled.
            The judgment of the trial court is affirmed.
 
                                                                                    JIM R. WRIGHT
                                                                                    JUSTICE
 
February 10, 2005
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.